### Strong vs. Grannis and Brown.
### The Same vs. The Same.

Where, in an action against two persons as makers of a promissory note, the defense set up is that the note was executed under duress of imprisonment of one of the makers, and to procure his release therefrom, and was signed by the other as his surety, the principal is not a competent witness for the surety, to prove the defense; the defendants being jointly interested in the matters offered to be proved.

Where an arrest is rendered regular and lawful, in form, by the perjury of the plaintiff, he should not be permitted to derive any benefit from it.

Where a creditor residing in Canada, for the purpose of procuring the arrest of his debtor, a resident of this state, while temporarily in the former country, made an affidavit in which he swore that such debtor was about to leave Canada, with the intent and design to defraud him of his debt; such creditor in fact having no reason to believe the fact stated in such affidavit; and in order to procure his release from the arrest thus procured, the debtor executed a note for the amount of the debt, with a surety; *Held* that the note was void as having been obtained by duress.

Where there is an arrest for improper purposes, without a just cause; or, where there is an arrest fer a just cause, but without lawful authority; or, where there is an arrest for a just cause and under lawful authority, for unlawful purposes, it may be construed a duress.

APPEALS from judgments on reports of a referee. Both appeals were heard together. The actions were brought to recover the amounts of two promissory notes, both dated Niagara, C. W., January 17th, 1855, made by the defendants, each for the sum of $250, with interest, both payable at the office of Wm. Breck & Co., Rochester, N. Y., one in three months and the other in six months from date. Both notes were payable to the order of the defendant Samuel Brown. The defense interposed in each case was that the notes were executed under duress of imprisonment of the defendant Grannis and to procure his enlargement therefrom, and were executed by the defendant Brown as surety of the defendant Grannis.

The actions were both referred to a sole referee, and both came on for trial together before the referee, in November, 1856, when the following evidence was given and proceedings

Strong *v.* Grannis.

had. The plaintiff proved the execution of the notes by the defendants, the indorsement of them by the defendant Brown, and the amount due thereon respectively, and rested. The defendant Thomas Grannis, jun. was then sworn as a witness. The defendants' counsel offered to examine him in behalf of his co-defendant Brown on the subject of the duress set up in the answers. The plaintiff's counsel objected to such examination, on the ground that Grannis was jointly interested with Brown on that subject. The referee sustained the objection, and the counsel for Brown excepted. The defendant Brown was then sworn and examined as a witness for his co-defendant Grannis, without objection, and testified in substance as follows : That the notes in question were signed by him for the accommodation of Grannis and as surety for him. That they were made at Niagara, Canada. That he, the witness, and Grannis resided at Rochester. That they, the witness and Grannis, were on their way to Toronto, for the purpose of doing some business there ; that when they arrived at Niagara, they waited on the dock to take the boat for Toronto when she should start. That just before the boat was going to start, the sheriff came up and arrested Grannis upon a bailable capias, at the suit of George B. Redfield, in an action upon promises, commenced in the court of queen's bench in Canada. Immediately after the arrest of Grannis, he with the sheriff and witness went up to the office of Redfield, who told Grannis he was very glad to see him. That he had been waiting quite a little while to see him in Canada. Grannis asked him what he wanted of him. Redfield told him he had a demand against him of $500. Grannis told him he had no means of paying it there ; that he had money at home. Redfield said he had got to pay or secure it, or go to jail. Grannis said he had no way of securing it, unless Brown was good. Then Redfield asked the witness what property he had, and the witness told him ; whereupon the notes in question were made and executed by the defendants and indorsed by the defendant Brown, and Grannis was discharged from the arrest.

It appeared that Redfield had a good cause of action against Grannis and one Swan, for money paid for them as indorser of a note, to the amount of $500 and upwards. It also appeared by the evidence of Brown, that Grannis had a place of business in Toronto and Hamilton, in Canada, for selling oysters, and was over there frequently.

The arrest of Grannis was made by virtue of a statute of Upper Canada, which was given in evidence, and was in words and figures following :

" 8th Victoria, cap. 48, § 44. And be it enacted, that from and after the passage of this act, no person shall be arrested or held to bail to any civil suit where the cause of action shall not amount to £10, lawful money of the province. And where the cause of action shall amount to £10 and upwards, it shall not be lawful for the plaintiff to proceed to arrest the body of the defendant or defendants, unless an affidavit be first made by such plaintiff, his servant or agent, of such cause of action, and the amount justly and truly due to said plaintiff from said defendant ; and also that said plaintiff, his servant or agent, hath good reason to believe, and doth verily believe, that the defendant is immediately about to leave Upper Canada, with intent and design to defraud the plaintiff of his said debt."

The affidavit made by Redfield, upon which to procure said arrest under the above statute, was in the words and figures following :

" In the Queen's Bench. County of Lincoln, one of the united counties of Lincoln and Welland, to wit : George Brooks Redfield, of the town of Niagara, esquire, maketh oath and saith that Thomas Grannis the younger is justly and truly indebted to this deponent in the principal sum of one hundred and thirty-seven pounds and ten shillings, of lawful money of Canada, for money paid by this deponent for the said Thomas Grannis the younger, at his request ; and this deponent further saith, that he hath good reason to believe, and doth verily believe, that the said Thomas Grannis the younger

Strong *v.* Grannis.

is immediately about to leave Upper Canada, with the intent and design to defraud this deponent of the said debt.

GEORGE BROOKS REDFIELD.

Sworn before me at Niagara, in the county of Lincoln, this 17th day of January, 1855.

JOHN M. LOWDER, a Com'r for taking affidavits in the queen's bench in said county."

There was other evidence given which it is unnecessary here to state. The referee reported in favor of the plaintiff in each case for the amount of the respective notes and interest, upon which judgments were duly entered. The reports stated the foregoing facts, and also that the affidavit made by Redfield was in full compliance with the statute of Canada, but that as matter of fact he had no reason to believe that Grannis was about to depart with the intent stated in the affidavit.

The defendants appealed from these judgments. The cases are precisely alike, except that the first action was brought upon the note falling due in three months, and the second upon the one falling due in six months from their date.

*S. Mathews,* for the appellants.

*W. F. Coggswell,* for the respondent.

*By the Court,* WELLES, J. The first question to be determined, is whether the referee properly excluded the evidence offered by the witness Grannis, one of the defendants. And it seems to me that the evidence was properly excluded, within the principle of the case of *Dean* v. *Thornton and Dutton,* (3 *Kern.* 266.) That was an action brought for entering the plaintiff's close and cutting down and carrying away timber. The cutting and carrying away the timber, by the defendant, was proved. Dutton was sworn as a witness for Thornton, who offered to prove by him the sale of the timber in question to him, Thornton. The plaintiff's counsel objected to his competency to prove this fact, and the referee before

whom the cause was tried, sustained the objection. The defendant Thornton offered Dutton to prove the same fact, and the same objection and ruling were had. The referee found in favor of the plaintiff, against both defendants, upon which judgment was rendered, which was affirmed by the supreme court. On appeal to the court of appeals, the judgment of the supreme court was affirmed. I am unable to distinguish that case, in respect to the present question, from this one. In the matter offered to be proved in both cases, the defendants were jointly interested, because the proof which would exonerate one, would necessarily discharge the other, provided it were received on behalf of both.

The next question is, whether the facts proved on the trial, and found by the referee, established that the notes upon which the actions were brought, were obtained by Redfield, by duress, so as to avoid the notes in his hands. My opinion is that they were so obtained.

The referee reports that Redfield had no reason to believe that Grannis was about to depart with the intent stated in the affidavit. He might have added, with entire propriety, that Redfield did not so believe; as upon the evidence there was no pretense for such an allegation, and he could not have entertained such belief without stultifying himself, which the law will not permit him to do.

Although the arrest was according to the forms of the law of the country where it was made, and for a debt justly due from Grannis and Swan to Redfield, these circumstances did not justify Redfield in procuring the arrest. The arrest was made regular and lawful in form by the perjury of Redfield, and he should not be permitted to derive any benefit from it. The rule is, that where there is an arrest for improper purposes, without a just cause; or, where there is an arrest for a just cause, but without lawful authority; or, where there is an arrest for a just cause and under lawful authority, for unlawful purposes, it may be construed a duress.

(*Richardson* v. *Duncan*, 3 *New Hamp. R.* 508. *Watkins* v. *Baird*, 6 *Mass. R.* 506.)

The defendant Brown, being surety on the note, may avail himself of the duress of his principal. (*Thompson* v. *Lockwood*, 15 *John.* 256.) The judgments should therefore be reversed and new trials ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]