THE CHICAGO & N. W. R. R. CO. v. GILLETT.

1. **Attorney:** VACATION OF JUDGMENT: CONTINUANCE. Where an attorney, disqualified for the further prosecution of a cause, transferred it to another who had agreed with the attorney for the defendant to continue it, and the plaintiff, in the absence of both attorneys, employs other counsel and procures a judgment, such judgment may be vacated on defendant's petition.

2. **Judgment:** HOW SET ASIDE: DEFENSE. In an application for a new trial under sections 3112 and 3116 of the Revision, it is not necessary that a valid defense be established before the judgment can be set aside.

*Appeal from Crawford Circuit Court.*

THURSDAY, JUNE 11.

AT the October Term, 1872, a judgment was rendered in the Crawford County District Court, wherein D. L. Gillett was plaintiff, and the Chicago and Northwestern Railway Company defendant, for $150.00 double damages for killing plaintiff's cow. On the 16th day of December, 1872, said railway filed its petition in said court to vacate this judgment, and praying an injunction restraining execution thereon.

An injunction was granted as prayed, and at the March term said cause was consolidated with the original action, and the cause as consolidated was transferred to the Circuit Court of Crawford county. At the July term 1873, of said court, the

plaintiff filed an amendment to the original petition to vacate, setting up that it had a full and complete :efense to the original cause of action. At the same time it filed an answer to the main case, which was a complete paper defense.

Upon the hearing the court adjudged that the judgment be vacated and a new trial granted, and the injunction be made perpetual. The defendant appeals.

*Clinton, Hart & Brewer,* for appellant.

*Baldwin, Wright & Rising,* for appellee.

DAY, J.—The following are the material facts in the case: J. R. Reed, of the firm of Reed & James, commenced the

1. ATTORNEY: action wherein D. L. Gillett was plaintiff and the vacation of: Chicago & Northwestern Railway Company was judgment: continuance. defendant, and continued to be such attorney until about September 1st, 1872. Baldwin & Wright were the attorneys of the Chicago & Northwestern Railway Company. George F. Wright, of this firm, had the case more particularly in charge on behalf of the railway company, and in August, 1872, he applied to J. R. Reed to know whether he expected to try or continue the cause at the approaching October term, as they desired, if the case was to be tried, to prepare for trial on the part of the defendant. Reed replied that he would make no definite arrangement then, as he had received information that he would probably receive the appointment as the successor of Judge McDill, in which case he would turn over all his legal business, including this case, to B. F. Montgomery, and if so, any arrangement which he might desire to make in the case, he would have to make with Montgomery.

Subsequently, Wright again called upon Reed and was informed that he had received his commission as District Judge, and that whatever arrangement he made with Montgomery concerning the Gillett case would be all right, as he had turned over to him all his legal business to look after and attend to. Reed did not inform Gillett of the transfer of the ease to Montgomery. Montgomery succeeded to Reed's place

in the partnership with James, the firm becoming Montgomery & James.

A short time after the interview with Judge Reed, Wright called upon Montgomery and was informed by him that Judge Reed had turned over to him the Gillett case, with his other business. Montgomery at the same time exhibited proof of the notice for double damages which was in his possession.

Afterward it was agreed between Montgomery and Wright that the cause should stand continued at the October term, 1872, and that Montgomery would be in attendance at the term, and see that the case was continued as agreed upon.

Before the commencement of said term Montgomery disposed of all the other business he had at that term, and did not attend the same.

No one appearing for defendant, Gillett employed other counsel, and procured the judgment, for the vacation of which this action is brought.

We do not deem it necessary to determine the question of law to which appellant's counsel have devoted considerable attention in the argument, as to whether an attorney may substitute another for himself in the management of a cause. The ground of the application for new trial is surprise, which ordinary prudence could not have guarded against. See Revision, § 3112.

The application is made under section 3116 of the Revision. We unite in the opinion that, under the circumstances disclosed, the plaintiff is entitled to a hearing upon the merits.

The plaintiff, we think, was fully warranted in relying upon the arrangement made with Montgomery, especially as he was in possession of an important portion of the evidence in the case.

II. The railway company filed the affidavit of its section foreman, W. H. Porter, showing that the company had a good 2. JUDGMENT: and lawful fence at the point where the cow got how set aside: defense. upon the track, and that the accident occurred without fault of the company. Gillett filed his own affidavit stating that the company had no fence where the cow came upon the track. Appellant claims that before the judgment

can be set aside, a valid defense must be established, and that the court was not justified in finding such defense established, by this evidence. This view is based upon section 2503 of the Revision.

This section is found in the chapter respecting proceedings to reverse, vacate, or modify judgments. Revision, Chapter 141.

Section 3499 of this chapter provides that the court in which a judgment has been rendered shall have power to vacate or modify the same:

" 1. By granting a new trial for the cause, within the time, and in the manner prescribed by sections on new trials."

" 2. By a new trial granted on proceedings against defendants served by publication only, as prescribed in section 3160."

This section further prescribes six additional causes for vacating or modifying a judgment.

Section 3500 provides that the proceedings to vacate for the first of these additional grounds shall be by motion, and section 3501 provides that the proceedings to obtain the benefit of the remaining five grounds shall be by petition.

Section 3503 provides that the judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action in which the judgment is rendered. It is apparent from the context that this refers to the motion and petition referred to in sections 3500 and 3501.

As before stated, the ground of this application is found in section 3112 of the Revision. The mode of procedure, manner of giving notice and of trial, are fully prescribed in section 3116. The provisions of section 3503 have no application to this procedure. See *Darrance v. Preston*, 18 Iowa, 396, (400.)

AFFIRMED.