## CARPENTER v. BROWN.

1. **New Trial**: PETITION: APPEAL. The right of appeal expires in six months from the rendition of the judgment; and this right is not revived by filing a petition for a new trial.

2. ———: ———: JURY. Where a petition for a new trial is filed in accordance with the provisions of section 3155 of the Code, it is for the court without a jury to "first try and decide upon the grounds to vacate or modify the judgment."

3. ———: NEWLY DISCOVERED EVIDENCE. A new trial should not be granted on the ground of newly discovered evidence, when such evidence, if produced, would not authorize a different judgment from that before rendered.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, APRIL 9.

THIS action was originally brought against F. E. Hills and Joseph Brown on two notes, amounting to one thousand six hundred and thirty-six dollars and forty-four cents and inter-

est, executed by F. E. Hills and F. C. Schwabkey, secured by mortgage on certain property and woolen mill machinery therein, and on a note of one hundred and fifty-six dollars executed by F. E. Hills. It is alleged that the defendant Brown purchased the interest of Schwabkey in said machinery and business, and as consideration assumed the obligations of Schwabkey in relation to said notes, and to pay the same, and that for a valuable consideration Brown agreed to pay the note executed by F. E. Hills. The answer of Brown denies these allegations.

The cause was tried by the court, and in March, 1876, judgment was rendered against the defendant Hills for the amount of the notes, and against plaintiff, and in favor of the defendant Brown.

On the 13th day of October, 1876, the plaintiff filed a petition for a new trial. In November, 1877, the cause came on to be heard upon the petition for a new trial. The plaintiff demanded a jury to try the issues raised by the petition for a new trial, which demand the court overruled, and the plaintiff excepted.

The court tried the issues presented by the petition for a new trial, and refused to grant a new trial, and rendered judgment against the plaintiff for costs. The plaintiff appeals.

*Wm. McNett* and *H. B. Hendershott,* for appellant.

*Stuart Bros. & Bartholomew,* for appellee.

Day, J.—I. Some of the errors assigned and argued relate to the proceedings on the original trial, and the sufficiency of

1. NEW trial: petition: appeal.

the evidence to support the judgment rendered therein. The petition for a new trial was not filed until after the expiration of six months from the rendition of the judgment. The right to appeal was gone when the petition for new trial was filed, and it could not be revived by the filing of the petition. We can now consider only the ques-

tions pertaining to the trial of the issues raised on the peti-
tion for new trial. See *Cohol v. Allen*, 37 Iowa, 449.

II. The court refused, upon the demand of the plaintiff,
to submit the issues arising on the petition for a new trial to
2. —: ——: a jury. This action of the court is assigned as
jury. error. The petition for new trial was filed under
section 3155 of the Code, which provides: "Where the
grounds for a new trial could not with reasonable diligence
have been discovered before, but are discovered after the term
at which the verdict, report of referee or decision was rendered
or made, the application may be made by petition, filed as in
other cases, not later than the second term after the discovery,
on which notice shall be served and returned, and the defend-
ant held to appear as in an original action. The facts stated
in the petition shall be considered as denied without answer.
The case shall be tried as other cases, by ordinary proceed-
ings, but no petition shall be filed more than one year after
the final judgment was rendered."

Section 3159 is as follows: "The judgment shall not be
vacated on motion or petition until it is adjudged that there
is a valid defense to the action in which the judgment is ren-
dered; or, if the plaintiff seeks its vacation, that there is a
valid cause of action."

Section 3160 provides: "The court may first try and
decide upon the grounds to vacate or modify a judgment or
order before trying or deciding upon the validity of the de-
fense or cause of action."

The arrangement of these sections seems now to require a
different construction from that placed on them in *Chicayo &
N. W. R. Co. v. Gillett*, 38 Iowa, 434.

The plaintiff claims the right to a jury trial under the pro-
vision of section 3155, that "the case shall be tried as other
cases by ordinary proceedings." This provision, however,
must be construed in connection with other portions of the
chapter. Section 3160 provides that "the court may first
try and decide upon the grounds to vacate or modify a judg-

ment or order." Here is a very strong implication that the trial is to be by the court. If the trial may be by jury, then, under section 3160, two distinct jury trials may be had; one to try and decide upon the grounds to vacate or modify the judgment, and one to try and decide upon the validity of the defense or cause of action.

An innovation so startling as the submission to a jury of the question whether a party shall be granted a new trial should not be engrafted upon the law, unless it clearly appears that the Legislature intended such change. Taking together all of the provisions of the chapter in which the section under consideration occurs, we do not think such change was intended. Section 3155, it is to be observed, applies to subdivision 1 of section 3154, which authorizes the court to vacate or modify a judgment or order "by granting a new trial for the cause within the time and in the manner prescribed by the sections on new trials." The sections referred to are 2837–2843.

The provision of section 3155, that the case shall be tried as other cases, by ordinary proceedings, refers, we think, to the mode of producing evidence as contradistinguished from the mode of sustaining and controverting the allegations by affidavits.

The court did not err in refusing to grant a jury trial.

III. It is urged that the court erred in refusing, upon the merits of the application, to grant a new trial. The petition for a new trial is based upon the ground of newly discovered evidence. The newly discovered evidence is the testimony of F. E. Hills, whose deposition was taken and read upon the former trial. It is alleged that he will now testify differently from what he did at the former trial. In support of the petition for new trial the deposition of F. E. Hills was read, in which he testifies in all material respects directly in opposition to what he testified on the former trial, and denies specifically and with particularity that he ever testified as the deposition submitted on the former

3. ——: newly discovered evidence.

trial shows he did. For instance: In his former deposition he testifies that he was not present when Brown bought Schwabkey's interest in the woolen mill, and that he knows nothing of the contract between them. In his second deposition he testifies that he was present and heard the contract, and that Brown, as part consideration of the purchase, agreed to assume and pay the debts in question; and he specifically denies that in his former deposition he testified that he was not present. It is apparent that his testimony is utterly unworthy of consideration. No new trial ought to be granted on account of it. If it were produced upon the new trial it would not authorize any different judgment from that which was rendered. See *Millard v. Singer*, 2 G. Greene, 144; *State v. Bowman*, 45 Iowa, 418. The court did not err in refusing to grant a new trial.

AFFIRMED.