WILLIAM W. BOWMAN & another *vs.* JOHN G. HILLER & others.

Essex. Nov. 4, 1880. — Jan. 15, 1881. AMES & ENDICOTT, JJ., absent.

Duress of the maker of a promissory note is no defence to an indorser, who signs the note voluntarily and upon a sufficient consideration.

CONTRACT upon a promissory note for $126.53, dated January 31, 1877, payable in twelve months from date to the Trustees of the Marblehead Reform Club, signed by the first-named defendant and indorsed by the other defendants. The declaration contained three counts, the first two being upon the note, and the third for money had and received. The answer contained a general denial, and set up want of consideration, and that the plaintiffs threatened to prosecute the defendant Hiller for an alleged embezzlement; and, in consideration of compounding said felony, the note declared on was given.

The case was referred to a referee, who found that the defendant John G. Hiller, the financial secretary of the Marblehead Reform Club, took from the club the sum of $123, and that such sum was taken under circumstances that would reasonably justify the parties interested in the suspicion that it was taken fraudulently; that John G. Hiller was induced to make the note by threats of arrest and imprisonment, and that he would not have made it except for such threats and the belief that they might be carried into effect; and that the other defendants, when they placed their names upon the note, were cognizant of the circumstances under which it was made.

At the request of the parties, the referee submitted to the court the question whether there was any competent evidence of

duress. If there was duress, judgment was to be entered against the first-named defendant only on the third count of the declaration; and for the other defendants, if the duress of the maker of the note constituted a defence for them; otherwise, judgment to be entered against them.

The Superior Court ordered judgment to be entered against the first-named defendant for $141.60, and for the other defendants. The plaintiffs appealed to this court.

*C. W. Richardson*, for the plaintiffs.

*W. C. Fabens*, for the defendants.

MORTON, J. The question whether the defendant John G. Hiller signed the note in suit under duress does not seem to us to be material in this case. The referee finds that the said Hiller, being the financial secretary of the Marblehead Reform Club, misappropriated the funds of the club to the amount of the note in suit, "under circumstances that would reasonably justify the parties interested in the suspicion that it was taken fraudulently." The note in suit was given in discharge of this liability. If the threats of prosecution recited by the referee in his award were sufficient to show duress as to him, which we do not decide, such duress would be no defence to the other defendants. They signed the note upon a sufficient consideration, and without any coercion or restraint operating upon them. The duress of their principal did not affect their free agency, and will not defeat the promise which they voluntarily made. *Robinson* v. *Gould*, 11 Cush. 55, and cases cited.

The defence that the note was given to compound a felony was waived before the referee. The defendants now contend that this defence could not be waived by them. It may be that, if a note clearly appeared to have been given in consideration of the compounding of an offence, the court, on grounds of public policy, would not permit a waiver to give validity to the note. But in this case there is no evidence to show that the note was given upon an agreement or understanding that any offence committed by the principal should not be prosecuted. It follows that the plaintiffs are entitled to judgment against all of the defendants, according to the award of the referee.

*Judgment for the plaintiffs.*