CAREY v. GUNNISON ET AL.

1. **Contract:** ACTION ON: DEFENSE—MISTAKE AS TO SUBJECT-MATTER:
NOT AN EQUITABLE ISSUE. Where the action was for damages upon
an alleged written contract, and the defendant, without asking for any
affirmative relief, simply alleged facts showing that there was a mutual
mistake as to the subject-matter of the contract, *held* that the legal
effect of the answer was that the minds of the parties never came
together, and that, hence, there was no contract, and that the issue so
raised was not an equitable one, and was properly submitted to a jury
as in an ordinary action. Had defendant gone farther, and asked for a
cancellation of the alleged contract, he would have invoked the equity
powers of the court.

2. ———: ———: ———: INSTRUCTION: MISTAKE AS TO ISSUE. In such
case, the only issue raised by the answer was as to the existence of the
alleged contract, and an instruction which directed the jury to deter-
mine from the evidence what the contract was, was erroneous, not only
because there was no issue of that kind, but because, even if there had
been, it was virtually allowing the jury to reform the writing.

3. ———: VOID FOR MUTUAL MISTAKE: TAKING POSSESSION OF GOODS
UNDER: RIGHTS AND LIABILITIES. Where, under such supposed con-
tract, defendant took possession of the goods involved, he was not
thereby necessarily estopped from setting up the want of a contract. If
the contract was void, his possession would not give him title, and he
would be accountable to the plaintiff for the goods.

4. ———: VOID SALE OF BUSINESS: RECOVERY FOR DAMAGE TO GOOD WILL:
EVIDENCE. Where defendant took possession of a stock of goods and
the business relating thereto, under a supposed contract of purchase
from plaintiff, which defendant, in an action thereon against him for a
part of the purchase price, alleged to be void, which action was aided
by an attachment of the goods, *held* that, since, on defendant's theory,

he never in fact purchased the stock and business, he was not entitled to recover in a cross action for any loss of good will occasioned by the attachment, and evidence of the value thereof was improperly admitted.

## *Appeal from Fremont District Court.*

### WEDNESDAY, APRIL 8.

THIS action was brought to recover for damages alleged to have been sustained by reason of a breach of a contract entered into between the plaintiff and the defendant, whereby the latter purchased of the former his interest in a stock of goods. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*Draper & Thornell* and *James McCabe*, for appellant.

*W. W. Morsman*, for appellees.

ADAMS, J.—I. The plaintiff, as a member of the firm of Carey & Warren, was at one time in trade as a hardware merchant in Shenandoah, Iowa. In 1877 he sold, as he supposed, his interest in the stock to the defendant, Gunnison, who became a partner with Warren. The plaintiff agreed to pay of the indebtedness of Carey & Warren the sum of $10,000, and Warren & Gunnison agreed to pay the remainder. The agreement was reduced to writing. The plaintiff has paid indebtedness in excess of $10,000, and which he avers Gunnison should have paid, but failed to pay. This action is brought to recover for such payments.

1. CONTRACT: action on: defense—mistake as to subject-matter: not an equitable issue.

The defendant, while admitting the execution of the agreement declared on, averred in his answer that he was induced to enter into it by the fraud of the plaintiff, and also that the agreement was entered into by mutual mistake. He averred that it was represented by the plaintiff that the aggregate liabilities of Carey & Warren would not exceed $15,000, and that it was believed and understood that the defendant Gun-

nison's liability would not exceed $5,000, which amount he has paid, but that the liabilities of Carey & Warren amounted to $19,000. He also averred that he had no knowledge of the amount of the liabilities of Carey & Warren, and relied upon Carey's representation, and entered into the written contract under the mistaken belief that the liabilities would not exceed $15,000, and that, if the facts had been known, the contract would not have been made. Such being the defendant's answer, the plaintiff moved to transfer the issue in respect to the alleged mistake to the equity side of the docket for trial as an equitable issue. The court overruled the motion, and the plaintiff assigns the ruling as error.

The case is now before us upon rehearing. When it was first before us, it was assumed that the issue presented was an equitable issue, but the court thought that, nevertheless, as no affirmative relief was sought, it might be tried by a jury. Upon further consideration of the case we have come to think that this view cannot be sustained. It seems to us that the court improperly assumed that the issue is an equitable one. The defendant does not aver in his answer that there was an agreement that the liability which he assumed should be limited to $5,000. If such had been the fact, it would appear that the mistake was made when the parties came to put their oral agreement in writing. But there is no pretense that there is any difference between the terms of the oral agreement and of the writing intended to express it. The mistake, then, if any, was in regard to the subject-matter of the contract. If the facts are as averred, the parties did not know what they were contracting about. They supposed that they knew, but they were mistaken. Where a material mutual mistake is made by parties in respect to the subject-matter of a contract, the result is that in contemplation of law there is no contract. The minds of the parties do not meet. If an action be brought on such contract, it is competent for the defendant to deny its existence, and in support of the denial he may allege and prove the mistake. In such case the deter-

mination required is as to the existence of the contract, and that determination may be expressed in a simple judgment for or against the defendant, as the fact in regard to the alleged mistake shall appear to be. If the defendant shall not be satisfied to plead merely defensively, lest the plaintiff should withdraw his action and reserve his pretended contract for enforcement at what he might deem a more favorable time, it would be the defendant's right to set up the mistake by cross-action, and ask for cancellation. In such case he would invoke the equity powers of the court, because the relief prayed for could be granted only by a decree.

In case the party aggrieved by the mistake should not see fit to wait until he should be sued, it would be his right to. bring an action for cancellation, and the issue then presented would be the same as in the case of the cross-action above supposed. If the mistake did not exist in the subject-matter so as to prevent the minds of the parties from meeting, but merely in the terms of the writing by which the parties undertook to express their valid oral agreement, then the writing, being conclusive in an action of law, would need to be reformed, or, what is substantially the same thing, the true agreement of the parties would need to be determined and expressed in a judicial decision. The determination and expression of the true agreement would call for the exercise of equity powers. But the determination of the existence or non-existence of a contract, where no cancellation is asked, may, we think, be made in a court of law, and in the exercise only of such powers as belong to a court sitting as a court of law. We do not say that this rule would apply in the case of a deed, where there had been such mistake in the subject-matter as to entitle the grantor to have the deed declared null. Possibly the force given to a deed is such that it would be deemed to have passed the legal title notwithstanding the mistake. If so, the party aggrieved would have only an equitable right, and while he might, of course, assert such right by answer in an action at law, yet, as his answer would set

up only an equitable right, it would be deemed an equitable answer, and the issue would, we think, be triable only to the court, and in the exercise of its equity powers. The action itself would become an equitable one so far as such issue would be concerned. There is no inconsistency between this view and sections 2740 and 2741 of the Code.

In support of our conclusion that the issue in question presented by the defendant's answer was not an equitable but legal issue, and that the motion, therefore, was properly overruled, we have allowed our discussion to take a somewhat wider range than might be thought strictly necessary; but we have felt constrained to do so, partly for the purpose of setting forth with greater clearness our position, and partly as preliminary to another question which we now proceed to consider.

II. The court, in its charge, after referring to the facts relied upon as a defense, gave an instruction in these words: "If each of these facts is proved by the character of the evidence which I have told you is required, the contract is enforceable against the defendant only in the sense in which it was intended by the parties when they entered into it, and it would follow that, if the defendant has paid the full amount of said liabilities which it was understood by the parties when they entered into the contract that he should pay, the plaintiff can recover nothing. But if he has not paid the full amount of said liabilities which it was understood he should pay, the plaintiff will be entitled to recover the difference between the amount which defendant has paid on the liabilities and the amount which it was understood he should pay thereon." The plaintiff assigns the giving of this instruction as error.

The view which this court took upon the former hearing, respecting the trial of an equitable issue by a jury, was such that this instruction was not specially considered in the opinion. The petition for a rehearing was directed mostly against the view as expressed, assuming that, if that view

should appear to be unsound, it would be held that the court below erred in its ruling upon the motion. As our re-examination has led us to change our view upon which we sustained the ruling, without reaching the conclusion that the ruling was wrong, we deem it necessary now to consider the instruction, and we have to say that it appears to us that it cannot be sustained. The instruction proceeds virtually upon the theory that there was a valid oral agreement which the written agreement failed to express, and that it was competent for the jury to find what that oral agreement was, and to enforce it as they should find it. This, it appears to us, was virtually allowing the jury to reform the writing, and we do not think that this would have been allowable, even if the answer had presented such an issue. But the answer does not show that there was a valid oral agreement. On the other hand, it negatives such idea by avering a material mistake in regard to the subject-matter of the contract, and we now sustain the ruling upon the motion, on the ground that the defense was, not that the writing failed to express the agreement as made, but that by reason of the mistake the minds of the parties did not meet.

We may say further that the evidence shows very clearly that there was no agreement, unless it was the same as that which the parties expressed in writing. The defendant was content with that agreement, and would be now, if the facts had been as he supposed they were. It has no defense, then, except upon the theory that the agreement is void. If it was so, he would not necessarily be concluded from setting up its invalidity because he took possession of the stock. If he took possession under a void purchase his possession did not give him title, and he would be accountable for the goods to the plaintiff. Whether his action was such, after he discovered the mistake, as to operate as a waiver of it, or estop him from setting it up, we have no occasion to express an opinion. If his action was such, it would simply follow that

3. ——: void for mutual mistake: taking possession of goods under: rights and liabilities.

the agreement to be enforced is that which the parties put in writing.

III.   The plaintiff sued out an attachment and levied upon the stock.   The defendant filed a counter-claim for damages.   Among other grounds of damage he claimed that the good will of the business was impaired by the attachment.   In proof of such damages he asked a witness a question in these words:   "What, in your opinion, was the good will of the concern worth at the time of the levy of the attachment?"   This question was objected to, but the objection was overruled, and the witness answered that the good will was worth $1,000.   The admission of this evidence is assigned as error.   The question asked was broad enough to cover, and doubtless was intended to cover, any good will arising from the custom of the store established during the time that the plaintiff was in trade.   But if the defendant never made a valid purchase of the plaintiff's interest in the stock, and took possession of it by mistake, and became accountable to the plaintiff for it, he was not entitled to recover for loss of good will upon the theory upon which we think that the question was asked and answered.   We think, therefore, that the question was objectionable.   Several other questions have been argued, but under the views which we have expressed it seems probable that very few, if any, of them will arise upon another trial.

<div style="margin-left:2em;">4. ———: void sale of business: recovery for damage to good will: evidence.</div>

REVERSED.