1. **New Trial:** PETITION FOR: TRIAL OF FACTS BY JURY.  Upon a petition for the vacation of a judgment and a new trial, the parties are not entitled to have the issues of fact submitted to a jury; (*Carpenter v. Brown*, 50 Iowa, 451;) but where one of the parties leads the court into the error of submitting the questions of fact to a jury, and the jury finds against him, he cannot then object, either in the trial court or in this court, to such procedure, but such special findings of fact will bind him.

2. ——: ——: NO ANSWER ALLOWED: PLEADING AND PRACTICE. Upon a petition to vacate a judgment and for a new trial, no answer is allowable, because the allegations of the petition are considered as denied without answer, (Code, § 3155,) and the cause made by the petition is alone to be tried; (Code, § 3158;) and where the petition in such case sets up the facts relied on as a defense, such facts are considered only in determining whether or not the petitioner is entitled to a new trial, and it is not competent then, in an answer to the petition, to reply to such defense, as, for example, by setting up facts constituting an estoppel to plead such defense; but such reply should be deferred until a new trial is granted, and should be set up as against the facts when pleaded as a defense to the original action.  Consequently, where an estoppel was pleaded in such case by way of answer, it was not prejudicial error to sustain a demurrer to such answer, and to exclude evidence offered to sustain it.

3. **Guaranty:** CONSIDERATION: GUARANTIED CONTRACT VOID FOR FRAUD OR MISTAKE.  In an action against a guarantor of the performance of a contract, for a breach of the contract by the principal, it is a good defense to show that, by reason of the fraud or mistake of the plaintiff, one of the principals, and the only one against whom the guarantor has any adequate remedy in case of default, (the other one being insolvent,) was not bound by the undertaking; for in such case there is no consideration for the contract of guaranty.

4. **New Trial:** PETITION FOR: GROUNDS CONSIDERED.  The fact that a defendant, against whom judgment by default has been entered, requested his co-defendant to direct his attorney to appear and make defense for him, and gave him money to retain the attorney, and the co-defendant neglected so to direct the attorney, is no ground for setting aside the judgment.  Neither is the fact that the judgment was rendered upon an amended petition, of which the defaulting defendant had no notice, a ground for a new trial, except as to the new matter contained in the amendment.  But where plaintiff agreed with the attorney of a co-defendant that he would take no judgment against the defaulting defendant, except on certain conditions, and such agreement was

communicated to the defaulting defendant, and judgment was taken against him on default, regardless of such conditions, *held* that a new trial was properly granted on the petition of such defaulting defendant.

## Appeal from Page Circuit Court.

### SATURDAY, OCTOBER 8.

THE defendant in this proceeding brought an action in the circuit court against T. J. Warren, George W. Gunnison, and this plaintiff. The action was for an alleged breach of a written contract. Carey and Gunnison were the principals in the contract, and plaintiff was their guarantor. Gunnison made defense, and on the trial of the issue tendered by him there was a verdict and judgment in his favor, which was subsequently reversed in this court. Warren made no appearance, and judgment was rendered against him by default. Judgment was also rendered against this plaintiff by default. This proceeding is an application by plaintiff for the vacation of that judgment, and for a new trial. After the term at which the judgment was rendered, he filed his petition, alleging, in effect, that he was prevented by unavoidable casualty and misfortune from making his defense, and that the judgment was obtained by the fraud and misconduct of the defendant, and that the court did not have jurisdiction to render it, for the reason that the plaintiff in that action (defendant in this) had filed an amended petition in the cause, after the original notice was served on him, which materially changed his claim, and of which he had no notice. He also alleged that he had a valid defense to the action. The circuit court submitted to a jury the three grounds upon which a new trial was claimed, and the jury found specially for plaintiff on each of them. At a subsequent term, the court, after hearing the evidence as to the alleged defense, found that plaintiff was entitled to a " full trial upon said defense and the merits thereof," and ordered that the

judgment and all proceedings thereunder be suspended until the final termination of the case. Defendant appeals.

*James McCabe*, for appellant.

*W. P. Ferguson*, for appellee.

REED, J.—I. Appellant assigns as error the action of the circuit court in submitting the grounds upon which a new trial was demanded to the jury, and in taking their verdict upon those questions. It was held by this court in *Carpenter v. Brown*, 50 Iowa, 451, that in a proceeding of this character the parties were not entitled to a trial by jury, but that the questions of fact involved should be determined by the court. But in the present case it is shown by the record that defendant demanded a jury trial. Having by that demand led the trial court into the error of submitting the questions of fact to the jury, he ought not now to be permitted to take advantage of it. True, he asked the court, after the jury had found against him, to disregard the findings, and determine the questions from the evidence upon which they had been submitted to the jury. But, clearly, he was not entitled, at that stage of the case, to change his position. By his demand for a trial by jury, he elected to accept their findings rather than those of the court on the questions of fact involved, and he is bound by that election; and the court very properly refused to permit him to change his position on the question after a verdict had been found against him. It is proper to say, in this connection, that the ultimate question whether a new trial should be granted was not submitted to the jury, but they were required to find specially on certain questions of fact.

*1. NEW trial: petition for: trial of facts by jury.*

II. Defendant filed an answer to the petition, denying its allegations; and after the verdict was returned, but before the determination of the question as to the validity of the defense pleaded, he filed an amended and substituted answer, in which he alleged that plaintiff was estopped from asserting his defense by certain

*2. ——: ——: no answer allowed: pleading and practice.*

representations and requests made by him before the original action was instituted, by which defendant was induced to bring the action. The circuit court sustained a demurrer to this answer. It also excluded certain evidence offered by defendant, which would have tended to establish the facts upon which the plea of estoppel was based. Appellant assigns these rulings as error. These rulings were upon the merits of the question presented by the plea of estoppel. We are of the opinion, however, that appellant is not entitled to have them reviewed upon this appeal. The only effect of the orders appealed from was to award plaintiff a new trial in the original case, and suspend the judgment until such new trial could be had. Defendant was not entitled to raise the question of estoppel, or litigate it, in this proceeding. It is provided by section 3155, Code, that the facts stated in the petition for new trial shall be considered as denied without answer, and, by section 3158, that the defendant shall introduce no new cause, and the cause of the petition shall alone be tried. Under these provisions, defendant had no right to file an answer in the case, and both his original and amended answer should have been stricken from the files. When the latter pleading was filed, the only question that remained to be determined in the proceeding was whether plaintiff had a valid defense to the claim made in the petition. The plea of estoppel in effect admitted that he at one time had such defense, but that, by reason of the subsequent facts alleged in the plea, he ought not now to be permitted to avail himself of it. But those facts do not pertain to the case made in the petition. Plaintiff will be required to answer in the original action. Defendant will then have the right to reply, and set up the facts constituting the alleged estoppel, and, if they shall be adjudged sufficient, to avail himself of them on the trial. But he was not entitled to try the questions upon which he relies in this proceeding.

III. The contract for the breach of which the original

action was brought was the sale of a stock of merchandise. The defendant and Warren had been engaged in mercantile business as partners. This firm was dissolved and a new partnership, composed of Warren & Gunnison, was formed, and they purchased the stock and business of the old firm. One of the undertakings of Warren and Gunnison, in the contract of purchase, was that they would pay the indebtedness of the old firm in excess of $10,000, which amount defendant undertook to pay. The breach alleged as the ground of recovery in the original action was their failure to perform that undertaking, whereby defendant was compelled to pay a large amount in excess of the $10,000 which, by the contract, he undertook to pay. The matters pleaded by Gunnison in defense in the original action were that defendant, during the negotiation, fraudulently represented that the total amount of the indebtedness of the old firm did not exceed $15,000, while in fact it amounted to $19,800; also, that the parties, when they entered into the contract, were laboring under a mutual mistake as to the amount of the old firm's indebtedness, each believing that it amounted to no more than $15,000, when it in fact amounted to $19,800. These matters are also pleaded by plaintiff in defense. Also that, when the contract was entered into, Warren was insolvent, and that he continues to be insolvent, and that he must look alone to Gunnison for indemnity for any amount he might be compelled to pay under the contract.

Plaintiff's undertaking in the contract is in the following words: "I hereby guaranty the performance of the within contract on the part of T. J. Warren and George W. Gunnison." The contract was executed by Warren and Gunnison individually. As stated above, Warren made default, and there is no claim that he has any defense to the claim made by defendant. Appellant insists that the undertaking of Warren and Gunnison is several, and that plaintiff's undertaking is a guaranty that each will perform the whole contract, and

*Margin note: 3. GUARANTY: consideration: guarantied contract void for fraud or mistake.*

consequently he is responsible for Warren's default, even though Gunnison should be discharged from liability by reason of the matters pleaded in his defense. It may be conceded, for the purposes of the case, that the undertaking of Warren and Gunnison in the written instrument is several. We are of the opinion, however, that the conclusion sought to be drawn by appellant does not follow. When the original case was before us, we held that, if the facts as to the alleged mutual mistake were as claimed by Gunnison, no contract existed between him and defendant. See *Carey v. Gunnison*, 65 Iowa, 702. And, if Gunnison was induced to sign the writing by the fraudulent representation and concealment alleged, the same result would follow. In either case, he was not bound by the writing; so that plaintiff is not seeking to avoid liability on the ground that he has been released by matters occurring subsequent to the execution of the contract, but the theory of his defense is that he was induced to guaranty the performance of certain undertakings by his principals, in the belief that they were both bound by the contract, whereas, by reason of the wrong or mistake of defendant, one of them, and the only one against whom he would have any adequate remedy in case of default, was not bound by the undertaking. His defense, in effect, is that there was no consideration for his undertaking, and such want of consideration was the result of defendant's wrong or mistake; and we think that proof of either the fraud or mistake alleged will establish that defense. Of course, this proof must be made in the original action. It must be established in that action that Gunnison is not bound by the written contract, or the defense will not be available to plaintiff.

IV. The remaining question in the case is whether the special findings of the jury warranted the circuit court in granting a new trial. The findings are to the effect (1) that plaintiff requested Gunnison to direct the attorney whom he employed to defend for him, to appear for him in the case, and make his defense,

4. NEW trial: petition for: grounds considered.

and.that he gave him money to pay the attorney for his serv-
ices, and that Gunnison promised to give the direction to the
attorney, but neglected to do so, and that he did not know
that defense was not being made for him until after the judg-
ment by default had been entered against him; (2) that after
the original notice was served on plaintiff, and before the
judgment was entered, an amended and substituted petition
was filed, in which defendant claimed as damages a sum in
addition to the amount claimed in the notice and the original
petition, which additional sum was included in the judgment
rendered, and that plaintiff was not served with notice of the
filing of such amended petition; and (3) that defendant's
counsel agreed with the attorney who appeared for Gunnison
that he would not claim a default and judgment against
plaintiff until his right to judgment against both Warren
and Gunnison was established. It was also proven that plaint-
iff was informed of this agreement before he was adjudged
to be in default. It is very clear that plaintiff was not
entitled to a new trial on the facts established by the first
finding. The default was in consequence of Gunnison's fail-
ure to communicate plaintiff's instructions to the attorney.
But Gunnison was plaintiff's agent, and his negligence is
imputed to plaintiff. The facts established by that finding
do not show that plaintiff was prevented from making his
defense by unavoidable casualty or misfortune.

While the facts established by the second finding might
entitle plaintiff to a modification of the judgment, or to a
new trial as to the additional matters pleaded in the amended
petition, they do not entitle him to a new trial as to the mat-
ters pleaded in the original petition. But we are of the
opinion that the circuit court was warranted in awarding a
new trial by the third finding, and the fact that the agree-
ment was communicated to plaintiff. He was relying on the
attorney with whom the agreement was made to appear for
him, and make his defense. Being informed that the agree-
ment had been entered into between him and defendant's

counsel, he naturally relied upon it. His vigilance was relaxed, and it is fair to presume he did not give his case the attention he otherwise would have given it. Although the attorney had not yet been retained by him, he assumed, in making the agreement, to act for him. The agreement was made for his protection and benefit, and, as it was relied upon by him, we think defendant should not be permitted to retain the advantage which he gained by disregarding it.

We think the order granting a new trial is right, and it will be                                                    AFFIRMED.