CLARENCE E. MORTELL, Appellant, v. FERGUS FRIEL *et al.*, Appellees.

**Equity Cause**: APPEAL: AFFIDAVITS AS EVIDENCE.

*Appeal from Greene District Court.*—HON. J. P. CONNER, Judge.;

WEDNESDAY, MAY 25, 1892.

ACTION to set aside the decree entered in the district court, and cancel a conveyance of land made in pursuance of it. Judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*McHenry, Jones & McHenry*, for appellant.

*Perry D. Rose*, and *Howard & Howard*, for appellee.

GRANGER, J.—The action is to secure a new trial under the provisions of Code, section 3155. The action in which a new trial is sought is one wherein the defendant, Friel, as guardian of the plaintiff, Clarence E. Mortell, a minor, who brings this action by his next friend, recovered an order of the court for the sale of a part of a certain lot. The petition in this proceeding charges fraud on the part of Friel in obtaining the order of the court to the prejudice of his ward. Issue is taken upon the allegations of the petition, and the cause is before us without question, as an equitable action triable *de novo*. No errors are assigned. At the trial in the district court the plaintiff, to sustain the issues on his part, against the objections of the defendant, put in evidence certain *ex parte* affidavits, —in fact, the entire evidence of plaintiff is by such affidavits. The appellees urge that such affidavits cannot be considered in this court. The appellant does not, in argument, controvert this particular point by the appellee, and we see no escape from the conclusion that the affidavits cannot be regarded as competent evidence. The point has an incidental reference in *Carpenter v. Brown*, 50 Iowa, 451. By the express language of section 3155, the case "is to be tried as other cases by ordinary proceedings." This must include the manner of producing the evidence. It was held, in *Carpenter v. Brown*, that it is not a case triable by jury. Actions by ordinary proceedings are not always to be so tried. But issues of fact in ordinary proceedings are determined upon evidence produced, and evidence for that purpose is not to be by affidavit. They are incompetent to sustain such an issue. Disregarding the affidavits, as we must, there is no evidence to support the petition, and it must be dismissed. The record is short, and we have examined it, including the affidavits, and agree with the district court, with the affidavits considered, that the evidence would not justify a decree for the plaintiff. AFFIRMED.