LOUIS ETTLINGER, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

Counterclaim — when surety cannot interpose cause of action, existing in favor of his principal, as a defense or counterclaim.

A party when sued upon his obligation as surety cannot avail himself of an independent cause of action existing in favor of his principal against the plaintiff as a defense or counterclaim. The defense that the principal was induced to enter into a contract by fraud is only available to a surety when the principal repudiates the contract. (*Elliott* v. *Brady*, 192 N. Y. 221, followed.)

*Ettlinger* v. *National Surety Co.*, 165 App. Div. 986, affirmed.

(Argued October 10, 1917; decided November 13, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1914, which affirmed a judgment in favor of plaintiff entered upon an order of the court at a Trial Term granting a motion by plaintiff for judgment on the pleadings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Mortimer Hess, Henry L. Scheuerman* and *Theodore F. Kuper* for appellant. The trial court erred in granting plaintiff's motion for judgment on the pleadings. The answer alleged fraud in the procuring of the bond or undertaking alleged in the complaint, which is a complete defense. (*Putnam* v. *Schuyler*, 4 Hun, 166; *Osborn* v. *Robbins*, 36 N. Y. 365; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520.)

*William W. Pellet* for respondent. A party, when sued upon his obligation, cannot avail himself of an independent cause of action existing in favor of his

principal against the plaintiff as a defense or counter-claim. (*Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Gillespie* v. *Torrance*, 25 N. Y. 306; *American Guild* v. *Damon*, 186 N. Y. 360; *Elliott* v. *Brady*, 192 N. Y. 221; *Lasher* v. *Williamson*, 55 N. Y. 619; *Osborn* v. *Robbins*, 36 N. Y. 365; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520.)

ANDREWS, J. The plaintiff brought an action in the City Court in New York against one Theodore Kruger. The latter desired to obtain a stay of the trial of that action. To obtain such result he stipulated in open court to give to the plaintiff a surety company bond providing that in the event of the ultimate affirmance and final determination of a certain other action between the same parties then on appeal, the amount involved in the action in which he desired a stay should be paid to the plaintiff, with costs. Thereafter he obtained a bond from the National Surety Company and the action was, in fact, stayed.

Subsequently the action on appeal was affirmed and finally determined in favor of the plaintiff. The defendant Kruger did not pay the amount involved in the action stayed and this action was brought against the surety company to enforce its bond.

The defense interposed is that the stipulation with regard to the stay was obtained from Kruger by the plaintiff through fraud; and the only question involved in this appeal is whether or not such defense is available to the surety.

In the past the answer to this question has not been altogether clear. (*Putnam* v. *Schuyler*, 4 Hun, 166; *Morse* v. *Hovey*, 9 Paige, 197; *Parshall* v. *Lamoreaux*, 37 Barb. 189; *Strong* v. *Grannis*, 26 Barb. 122; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520; *Aeschlimann* v. *Presbyterian Hospital*, 165 N. Y. 296; *Osborn* v. *Robbins*, 36 N. Y. 365; *Whitcomb* v. *Shultz*, 223 Fed. Rep. 268;

*Patterson* v. *Gibson*, 81 Ga. 802; *Griffith* v. *Sitgreaves*, 90 Pa. St. 161.)

It should be observed, however, that in some of the cases cited whatever is said on the subject is purely obiter. In others the defense interposed by the surety was duress practiced on the principal. These are not in point because they are based upon the proposition that the minds of the parties to the contract did not meet and that, therefore, there was no contract. If so, or if the alleged contract was void, clearly the surety would not be liable.

Many of the duress cases may also be distinguished on the theory that the surety was closely related to the principal. Such is the distinction taken in *Plummer* v. *People* (16 Ill. 358). There it was said that sureties upon a recognizance cannot plead the duress of the principal unless they bear some such relation to each other as father and son or husband and wife. In such cases the relations between the parties are so intimate that the constraint upon one is supposed to act with equal force upon the other. To the same effect is *Harris* v. *Carmody* (131 Mass. 51).

The rule that prevails in this state, however, is clearly laid down in *Elliott* v. *Brady* (192 N. Y. 221, 226). The opinion is by Judge CHASE and it was concurred in by all the court except Chief Judge CULLEN, who concurred in the result. "A party when sued upon his obligation cannot avail himself of an independent cause of action [here fraud inducing the contract] existing in favor of his principal against the plaintiff as a defense or counterclaim. It is for the principal to determine what use he will make thereof and the surety has no control over him in this respect."

A contract induced by fraud is not void. It is voidable at the option of the party defrauded and it requires affirmative action on his part to relieve him of the obli-

gation. (*Baird* v. *Mayor, etc., of N. Y.,* 96 N. Y. 567.) If he elects to avoid the contract he can do so only on the condition of returning what he has received under it. If he elects not to avoid it he has an independent cause of action for damages arising from the fraud. (*Hazard* v. *Irwin,* 18 Pick. 95; *Henry* v. *Daley,* 17 Hun, 210.)

This cause of action belongs to him, not to the surety. The latter is not defrauded and cannot maintain an action for damages occasioned by the fraud. The surety could be allowed such damages as a defense or counterclaim only upon some principle that would make the recovery of them by him a bar to any future action or counterclaim by the principal. He might thus bar a large claim in favor of the latter by canceling a small one against himself.

" If the principal could abide by his contract, and the surety repudiate it, the strange result would be produced, that the principal would retain the fruits of the contract, whilst the surety would avoid the performance of his obligation, on the ground of its invalidity, in direct opposition to the acts of his principal, admitting that the contract was valid." (*Evans* v. *Keeland,* 9 Ala. 42.)

In other words, what shall be done with a contract induced by fraud is purely a question for the determination of the party on whom the fraud is committed. He may repudiate it, and if he does so the surety may avail himself of the repudiation, as was done in *Bennett* v. *Carey* (72 Iowa, 476). He may affirm it, in which case the surety cannot be heard to raise the question. He may suspend his action at least for a time and the surety may not compel him to elect. (*Henry* v. *Daley,* 17 Hun, 210; *Evans* v. *Keeland,* 9 Ala. 42; *Tucker* v. *State ex rel. Hart,* 72 Ind. 242; *Thompson* v. *Buckhannon,* 2 J. J. Marshall [Ky.], 416; *Oak* v. *Dustin,* 79 Me. 23; *Bowman* v. *Hiller,* 130 Mass. 153; *Robinson* v. *Gould,* 11 Cush. 55.)

Some of these cases are cases of duress, and, as we have

said, such cases where it is held that the surety may plead the duress are not strictly in point. Where they reach the contrary conclusion, however, they are authority.

A distinction is sometimes made between cases where the surety is sued alone and those where he is sued together with his principal. But it is difficult to see how the fact that the principal is joined with the surety is material. If so, the rights of the parties depend upon the form of the action and the will of the plaintiff. For the latter cannot be compelled to bring in the principal as a defendant in an action brought by him to obtain a money judgment. (*Bauer* v. *Dewey,* 166 N. Y. 402.)

Of course if principal and surety are in fact sued and the principal sets up the defense that the contract should be set aside on the ground of fraud, the surety may undoubtedly avail himself of the same defense. If the principal succeeds there is nothing upon which to base the obligation of suretyship. But the principal may not choose to take any position. He may default in the action or he may ratify the contract and counterclaim for the damages caused by the fraud. In no event can he be deprived of his right to ratify the contract or deprived of his independent cause of action to recover damages for the fraud.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN and POUND, JJ., concur; MCLAUGHLIN, J., not sitting.

Judgment affirmed.