■ GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, v DAVID FARKOS et al., Respondents.—In an action, *inter alia,* to recover possession of an automobile pursuant to the provisions of a retail installment contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated March 3, 1986, which denied its application for an order of seizure pursuant to CPLR 7102.

Ordered that the order is affirmed, with costs.

The plaintiff is the assignee of a retail installment contract and has a perfected security interest in New Jersey on the subject of the contract, an automobile which had been purchased in New Jersey. The automobile's owner lived in New York and somehow procured a New York certificate of title which did not show the plaintiff's security interest. The automobile broke down and the owner had it towed to a garage. The garageman told the owner that the engine needed to be replaced. There was no further communication between the owner and the garageman after that. The garageman ultimately found the clear title and sold the automobile at a lien sale to satisfy his bill.

Meanwhile, the plaintiff attempted to recover the automobile because the owner defaulted in his payments. It discovered that the automobile had been sold to satisfy the garageman's and storage lien (see, Lien Law § 184). Since the automobile had been sold to the lienholder for the amount of the lien, the plaintiff moved to seize the automobile.

The court denied the plaintiff's application for an order of seizure. It attributed the failure of the garageman to give notice to the plaintiff to either the plaintiff's negligence in not perfecting its security interest in New York, or to the negligence of the New York State Department of Motor Vehicles in issuing a clear title.

On appeal, the plaintiff seeks to assert statutory defenses to the notice the garageman gave the owner. These defenses are those of the owner, and the appellant should not be permitted to assert them (cf., Ettlinger v National Sur. Co., 221 NY 467 [in which a surety was not permitted to raise his principal's defenses]).

The appellant, at the time of perfecting its security interest in New Jersey, was aware of the owner's New York residence; nevertheless, the appellant failed to perfect its security interest in New York pursuant to Vehicle and Traffic Law § 2118 (c) (1). Therefore, the lien sale in New York did in fact terminate the plaintiff's New Jersey security interest.

We have considered the plaintiff's other arguments and find them to be without merit. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.