SUMMARY ORDER

Defendant Gerald G. Franklin appeals from a judgment m the United States District Court for the Southern District of New York (Alvin K. Hellerstem, Judge ).[1] The District Court granted summary judgment in favor of plaintiff Sterlmg Fmaneial Services Co., Inc. (“Sterling”), formerly known as Zenith Financial Services, on its claim against Franklin for breaching his agreement to guarantee certam loans Sterlmg made to Grayson Fmaneial, Ltd. (“Grayson”), formerly known as Ocean Acceptance Corporation. Franklin argues that the District Court erred in granting summary judgment. As we conclude that Franklin has failed to raise any issue of *369 material fact or persuasive legal argument before this court, we affirm the judgment of the District Court. We assume the parties’ familiarity with the underlying facts and procedural history in this case.
On appeal, Franklin contends that he has standing to assert, as an affirmative defense, that Sterling breached its duty to act in good faith as to the underlying loans to Grayson. In doing so, Franklin concedes that this defense properly belongs to Grayson. As a general rule, guarantors in New York do not have standing to assert affirmative defenses properly belonging to the obligor, the party whose obligations the guarantors have guaranteed.[2] Cinema N. Corp. v. Plaza at Latham Assocs., 867 F.2d 135, 139 (2d Cir.1989) (citing Ettlinger v. Nat’l Sur. Co., 221 N.Y. 467, 117 N.E. 945 (1917)). However, New York has recognized an exception to this rule where the guarantor controls the obligor. See Walcutt v. Clevite Corp., 13 N.Y.2d 48, 56-57, 241 N.Y.S.2d 834, 191 N.E.2d 894 (1963). In support of his argument that he falls within this exception, Franklin cites only the corporate disclosure statement made in his brief pursuant to Federal Rule of Appellate Procedure 26.1. This statement asserts that Franklin is the sole shareholder of Grayson, but it cites no evidence in the record in support. Our review of the record has revealed none.[3] In the absence of any evidence in support, we cannot conclude that Franklin is the sole shareholder of Grayson. Therefore, Franklin lacks the requisite standing to challenge the judgment of the District Court on the ground that Sterling breached its duty to act in good faith under its contract with Grayson because such an affirmative defense belongs to Grayson, not to Franklin.
Franklin’s other arguments on appeal challenging the District Court’s judgment also fail due to his lack of standing to assert them. Franklin argues that there are genuine issues of material fact regarding how Sterling credited various deposits made by Grayson, as well as a possible breach of a letter agreement between Sterling and Grayson. These issues relate to the underlying loan agreements between Sterling and Grayson, not the guaranty agreement between Sterling and Franklin. The proper party to assert such defenses is Grayson. Although Franklin suggested to the District Court that he might seek to implead Grayson, he never filed a motion to do so.
Nevertheless, to the extent that Franklin has any standing to assert claims or defenses properly belonging to Grayson, we find that those claims and defenses are without merit. Specifically, Franklin argues that Sterling improperly calculated the amount due on the loan balance by failing to credit approximately $669,232 in proceeds from bulk loan sales of Grayson’s collateral. The Distrtct Court properly granted summary judgment in favor of Sterling on this issue *370 because Franklin failed to “set forth specific facts showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56(e). The two pertinent Franklin declarations were properly credited no weight because: (1) the first declaration, dated February 28, 2006, was conclusory with no original documentary corroboration; and (2) the second declaration, dated May 1, 2006, purported to attach original documentation reflecting a bulk sale in dispute, but this documentation contained no signature by the purported buyer. As such, the document is not evidence that a sale agreement was executed, much less that a sale occurred. Finally, the Charles Miller declaration did not indicate that it was based on personal knowledge or that Miller was competent to testify about the accounting of the loan balance. As no genuine dispute as to the balance of the loan existed, the District Court properly adopted Sterling’s calculation of damages.
Finally, Franklin challenges the District Court’s denial of his discovery requests made pursuant to Federal Rule of Civil Procedure 56(f). Submitted to the District Court after its grant of summary judgment in favor of Sterling, these requests involved documents recording various financial transactions of Grayson and its accounts with Sterling. The District Court properly denied these requests because—as in the case of Franklin’s other challenges—they pertained only to the underlying loan agreements, not to Franklin’s guaranty obligations. Moreover, even assuming that Franklin had standing to make these requests, his affidavits did not adequately demonstrate that the materials requested were not available to him or that they would be reasonably expected to reveal a genuine issue of material fact. See, e.g., Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir.1999).
As Franklin makes no challenge to the District Court’s final decision that pertains specifically to his guaranty agreement with Sterling, his appeal fails. The same deficiency applies to any issue raised with regard to his requests for discovery. In sum, we have considered all arguments presented by Franklin in this appeal and find them to be without merit. As Ring has obtained a final discharge in her bankruptey proceeding, we SEVER and DISMISS this action as to Ring only. This does not affect the appeal as to Franklin. As to Franklin only, we AFFIRM the judgment of the District Court.

. The parties have stipulated that Defendant-Appellant Susan E. Ring has filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia, Dkt. No. 06-72017 DHA. In addition, Ring obtained a final discharge in that proceeding on or about August 17, 2007, thereby rendering this appeal on her behalf moot. As a result, we sever and dismiss this action against Susan E. Ring only. This does not affect the appeal as to Franklin.

. There does not appear to be any dispute among the parties that New York law applies to this case. Section 14.9 of the Loan and Security Agreement provided that the law of the State of New York would govern any dispute arising from the contract. The Continuing Guaranty signed by Franklin did not specify which law applied to the contract. However, the District Court apparently applied New York law to Sterling’s claims, and Franklin does not raise any issue of choice of law on appeal.

. Indeed, the sworn declaration Franklin submitted to the District Court in opposition to Sterling’s motion for summary judgment suggests, if anything, that Franklin is not the sole shareholder. Franklin never made such an assertion in his declaration. Instead, Franklin referred to himself as “a principal of Gray-son,” "the president of Grayson,” and “an officer and owner of Grayson.” (emphasis added)