## SUTORIUS v. NORTH.

(*Common Pleas of New York City and County, General Term.* March 2, 1891.)

COSTS—BOND ON OBTAINING ORDER OF ARREST.

Under Code Civil Proc. N. Y. § 559, regulating the terms of the undertaking required as a condition precedent to the granting of an order of arrest, the costs intended to be secured by the undertaking are not the costs of the action for which the defendant in the event of his success may recover judgment, but only such costs awarded to the defendant as accrue directly from the arrest, or in proceedings necessitated by the arrest.

Appeal from special term.

Action by Edward Sutorius against Isaac F. North upon an undertaking given to procure an order of arrest.

Argued before ALLEN, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Davison & Chapman*, for appellant. *Daniel D. Sherman*, for respondent.

PER CURIAM. The learned counsel for respondent appears to have misconceived the provisions of section 559 of the Code of Civil Procedure, regulating the terms of the undertaking required as a condition precedent to the granting of an order of arrest. The costs intended to be secured by the undertaking are not the costs of the action for which the defendant, in the event of his success, may recover judgment, but only such costs awarded to the defendant as accruing directly from the arrest, or in proceedings in the action, or otherwise, necessitated by such arrest. In the view, therefore, which we entertain concerning the provisions for costs, the defense of payment in this action must be considered sham. The answer admits that in the suit of Bartlett against Sutorius the defendant recovered judgment against the plaintiff for costs of the action exceeding $250, and alleges that these costs have been paid; but it does not appear that any part of the costs so paid had accrued to the defendant in that action from the arrest, or in any proceedings growing

out of it.   The plaintiff's affidavit on the motion in this action to strike out the defense of payment as sham is not controverted in any particular by the defendant, and conclusively shows that the only payments made by Bartlett were for the general costs of the action, awarded to the defendant in Bartlett against Sutorius.   It necessarily follows that the allegation of the answer to the effect that Bartlett has paid damages in an amount exceeding the sum specified in the undertaking is false and untrue, because such payment was not made on account of the undertaking, nor in satisfaction of any indebtedness secured thereby, nor of any liability thereunder, and constituted no defense, therefore, to an action upon it.   The motion to strike out the defense of payment as sham should therefore have been granted, and, had this been done, the subsequent motions to make the answer more definite and certain, and for a further bill of particulars respecting the defense of payment, would have been rendered unnecessary.   The order denying plaintiff's motion to strike out the defense of payment as sham is reversed, and the motion is granted.   The remaining orders appealed from are affirmed, neither party to these appeals to have costs against the other.