### SPERRY *v.* HELLMAN *et al.*

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. ARREST IN CIVIL CASES—ACTION ON BOND—DAMAGES—COSTS.

Code Civil Proc. N. Y. § 599, which requires plaintiff, on obtaining an order of arrest, to give an undertaking, conditioned that, if defendant recovers judgment, plaintiff will pay all costs awarded to defendant, and all damages which the latter may sustain by reason of the arrest, was intended to secure indemnity to an arrested defendant only to the extent to which he may have been inconvenienced and may have suffered expenses over defendants not arrested; and hence, where two defendants, one of whom only was arrested, have recovered a joint judgment for costs in the original action, the arrested defendant cannot recover such costs in an action on the undertaking. Following *Sutorius* v. *North, ante,* 557.

2. SAME—COUNSEL FEES.

The judgment by default in favor of defendants in the original action ended their liability to arrest; and the arrested defendant is not entitled to recover, from the sureties on the undertaking, his expenses for counsel fees thereafter incurred by him when the original action was reopened and prosecuted to an appeal by said sureties.

3. INSTRUCTION—TO DISREGARD INCOMPETENT EVIDENCE.

The fact that the sureties in an action on the undertaking made no objection to the introduction of evidence as to the counsel fees incurred by the arrested defendant after the judgment by default in his favor, and did not move to have the same stricken out, does not warrant a refusal of the trial court to charge the jury to disregard such evidence, as it is the right of a party to have the jury directed to disregard evidence which is wholly irrelevant and incompetent.

Appeal from city court, general term.

Action by Howard A. Sperry against Theodore Hellman and another upon an undertaking given by them as sureties to secure an order of arrest of the plaintiff in an action against him and another in the supreme court. The defendants appeal from a judgment of the general term of the city court, affirming a judgment against them rendered by the trial term. The Code of Civil Procedure, § 559, provides: "Except * * * where it is specially provided that security may be dispensed with, * * * the judge, before he grants the order [of arrest of defendant,] must require a written undertaking on the part of the plaintiff, with two sufficient sureties, to the effect that if the defendant recover judgment, or if it is finally decided that the plaintiff was not entitled to the order of arrest, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest." For former reports, see 12 N. Y. Supp. 494, and *ante*, 271.

Argued before DALY, C. J., and BISCHOFF, JR., and PRYOR, JJ.

*Eugene Seligman,* for appellants. *Howard A. Sperry, in pro. per.*

BISCHOFF, J. In April, 1884, the Metropolitan Concert Company, Limited, instituted an action in the supreme court to recover damages for trespass against Howard A. Sperry and Robert W. Reid, and an order for the arrest of both defendants was issued therein, but the order was executed as to Sperry, who alone was arrested. On the application for the order of arrest the usual undertaking required by section 559 of the Code of Civil Procedure was given, Theodore Hellman and Emil Carlsbach becoming sureties, the limit of their liability being $400. Pursuant to the terms of that undertaking the sureties jointly and severally agreed "that if the defendants in the action do recover judgment therein, or if it is finally decided that the plaintiff is not entitled to the order of arrest, the plaintiff in said action will pay all costs which may be awarded to the defendants, and all damages which they may sustain by reason of the arrest in said action, and not exceeding the sum of four hundred dollars." Sperry and Reid having appeared and defended, the action was reached for trial on March 31, 1885, on which day, because of the plaintiff's default, it was dismissed, and on April 15, 1885, judgment for dismissal of the complaint, with $273.87 costs, was duly entered in favor of the defendants, Sperry and Reid. In November, 1885, Sperry brought an action in the city court against the sureties, Hellman and Carlsbach, to recover upon their undertaking above mentioned; and the sureties thereupon applied to the supreme court to have the default of the Metropolitan Concert Company, Limited, opened, and the judgment in favor of Sperry and Reid vacated and set aside. This application, however, was only granted to the extent of permitting the sureties to try the issues raised by the pleadings in the action against Sperry and Reid. Such a trial was had, and resulted in favor of the Metropolitan Concert Company, Limited, but on appeal to the general term of the supreme court and court of appeals the proceedings of the trial court were reversed and judgment absolute was rendered in favor of Sperry and Reid. 44 Hun, 630, 23 N. E. Rep. 1152. The action in the city court, having in the meanwhile remained in abeyance, was reached for trial, which terminated in a judgment in favor of the plaintiff therein, entered upon the verdict of a jury. From this judgment the defendants appealed to the general term of the city court, where, upon plaintiff's filing a stipulation to that effect, it was reduced, and, as reduced, affirmed. The reduction of the judgment was imposed upon the plaintiff upon the ground that the recovery was excessive, in so far as the liability of the defendants was not limited upon the trial to the amount of their undertaking, and that, if such limitation had been made, the recovery by plaintiff would not have exceeded the amount to which the judgment was reduced after allowing the

defendants the same offsets which were allowed in the trial court.   From the judgment of affirmance the defendants have appealed to this court, and it is apparent that the grounds urged for reversal are in no manner affected by the action of the general term of the court below in requiring plaintiff to waive so much of the recovery as was held to be excessive.   Appellants assign as error that the trial court permitted a recovery by the plaintiff of the costs recovered against the Metropolitan Concert Company, Limited, although such costs by the judgment therefor had been awarded to the plaintiff in this action, and his co-defendant, Reid, in the supreme court action, jointly, which ruling was duly objected to, and an exception taken; and, further, that the trial justice, though specifically requested to do so, refused to instruct the jury that they should not, in estimating the damages to which plaintiff was subjected by reason of the arrest, consider any expense incurred by him for counsel fees subsequent to the time it was finally determined that the plaintiff in the supreme court action was not entitled to the order of arrest.   This refusal was also duly excepted to.   We have not overlooked the additional grounds urged by appellants for the reversal of the judgment; but as we are of the opinion that those specifically noticed by us are sufficient to demand a retrial of the action, it is unnecessary to discuss others, which may not again occur.

It is plainly apparent from the record before us that the trial of this action proceeded upon the mistaken theory that an undertaking given pursuant to the requirements of section 559 of the Code of Civil Procedure upon the arrest of a defendant, is intended to secure to such defendant, if it be finally decided that the plaintiff was not entitled to the order of arrest, the general costs of the action and the counsel fees incurred in the defense of that action, together with such other damages as defendant may have sustained, and which may have accrued directly from the arrest.   That such is not a correct interpretation of the section mentioned has been lately determined by the general term of this court in *Sutorius* v *North, ante,* 557, the opinion wherein was filed March 2, 1891.   In the case cited it was determined that the true intention of the Code of Civil Procedure is to secure indemnity to an arrested defendant only to the extent to which he may have been inconvenienced and may have suffered expenses over defendants not arrested.   Ordinarily a defendant has no redress for the expense to which he may have been subjected in defending against the plaintiff's alleged caused of action, and the taxable costs represent the limit of his indemnity in the event of plaintiff's defeat; and, as no action for damages for false arrest would lie if the arrest was had upon legal process, (*Marks* v. *Townsend,* 97 N. Y. 590,) the undertaking required by section 559 of the Code was intended to secure to the defendant the additional costs and the additional expense and damage to which he might be subjected by reason of his arrest.   That this is so is apparent from the provisions of section 3268 of the Code of Civil Procedure, pursuant to which a non-resident plaintiff may be required to give security for costs.   If a non-resident plaintiff has given such security for costs, and upon causing the arrest of the defendant has given the further undertaking required by section 559 of the Code, and the action results in a judgment for dismissal of the complaint, with the costs of the action to the defendant, could it be contended that the plaintiff's payment of the costs alone would cancel the undertaking given to secure their payment, and at the same time entitle the plaintiff to a credit of an equal amount upon the undertaking to secure the order of arrest? If so, should both undertakings have been in equal amounts, it must be conceded that upon the payment of one the plaintiff can discharge two separate and distinct obligations.   If it be admitted that he cannot do this, then it inevitably follows that the costs secured by the undertaking upon the order of arrest are not the costs intended to be secured by the undertaking required of a non-resident plaintiff.   This illustration should suffice to prove that our determination in *Sutorius* v. *North* was correct, but if another illustration

is required it may be found in the case at bar. The judgment for costs recovered against the Metropolitan Concert Company, Limited, in the supreme court action, was for the general costs of that action, and was properly awarded to both defendants therein, and now exists in them as a joint demand. Reid was not arrested, and is not a proper party to an action by Sperry to recover damages sustained by the latter by reason of his arrest; and he cannot, without joining Reid as plaintiff, recover the costs awarded to him and Reid, because the right to such costs constitutes a joint demand, the interest of each of the obligees extending to every part of the demand. 2 Whart. Cont. § 814; *Dob* v. *Halsey*, 16 Johns 34. If, however, it be held that the costs intended to be secured by the undertaking given upon the arrest of a defendant are for the additional costs which accrued from the arrest, such costs would have been awarded to the arrested defendant only, and he alone would be entitled to the payment thereof. Again, if the plaintiff causing the arrest of the defendant pay the costs of the action recovered against him, and such costs should exceed in amount the sum named in the undertaking given to secure the order of arrest, and the undertaking should be held to apply to the general costs of the action, the defendant would be without redress for the damage sustained by him by reason of the arrest, since the sureties are not liable for more than the aggregate sum of costs and damages, not exceeding the sum specified in the undertaking; and no action lies against the plaintiff causing the arrest, though it be decided that the arrest was wrongful. We are therefore of the opinion that the defendant's request that the court instruct the jury that plaintiff could not in this action recover the costs which had been awarded to him and his co-defendant in the supreme court action jointly, was proper, and that the refusal so to charge was error. Defendants' request that the court direct the jury to disallow as a part of the plaintiff's damage such expense for counsel fees as the plaintiff had incurred subsequent to the judgment of April 15, 1885, dismissing the complaint in the action of *The Metropolitan Concert Co., Limited,* v. *Sperry et al.,* was also proper, and should have been granted, and the exception to the refusal was well taken. Without now passing upon the effect remaining of that judgment, after it had been so far vacated as to allow the sureties upon the undertaking to secure the order of arrest to try the issues upon the pleadings in that action, it is sufficient for the purposes of this appeal that the judgment was relied upon by the plaintiff in this action, and received by the court as a final determination that the plaintiff therein named was not entitled to the order of arrest issued in the action in which such judgment was rendered. Assuming that the judgment had the effect claimed for it, the determination thereby made was reciprocal, and conclusive upon both parties to this action, and no damage could thereafter have accrued to the plaintiff herein by reason of his arrest in that action. The judgment ended his liability to arrest, and the expenses for counsel fees incurred by plaintiff subsequent to this judgment in the trial of the issues prosecuted by the sureties and the subsequent appeals to the general term of the supreme court and the court of appeals were not rendered necessary to enable the plaintiff herein to extricate himself from his arrest or liability to arrest, but to defend himself against a recovery by the Metropolitan Concert Company, Limited, in the action commenced by it, and such expense is not a part of the damage for which indemnity was intended by the undertaking upon which this action was brought. Counsel fees are, of course, recoverable as a part of such damage, but only such proportion of the counsel fees as were reasonably necessary to defend against the arrest, or to cause the order of arrest to be set aside, and such could obviously not have been the object of retaining counsel after it had already been determined that the plaintiff was no longer liable to arrest. We note plaintiff's contention that defendants' exceptions to the refusal of the court to instruct the jury to disregard the evidence concerning expenses incurred subsequent to the judgment

of April 15, 1885, are without force, because defendants permitted such evidence to be received without objection, and failed to make a motion to have it stricken out. The point is not well taken, and the case relied upon by plaintiff's counsel (*Ganson* v. *Tifft*, 71 N. Y. 48, 55) does not support it. An examination of the opinion in that case shows that the refusal by the trial court to direct the jury to disregard certain evidence, which was received without objection, and concerning which no motion was made to have it struck out, was sustained upon the ground that the evidence was relevant, and had a bearing upon the amount of damages to be awarded. It is the right of a party to have the jury directed to disregard evidence which is wholly irrelevant and incompetent, and which has been admitted without objection, and a refusal so to direct constitutes error for which a reversal must be ordered. *Gawtry* v. *Doane*, 51 N. Y. 84;. *Marks* v. *King*, 64 N. Y. 628; *Pontius* v. *People*, 82 N. Y. 339, 347; *Platner* v. *Platner*, 78 N. Y 90, 101. The judgment appealed from must be reversed, and new trial ordered, with costs to abide the event. All concur.