## SUTORIUS v. NORTH.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

BOND FOR COSTS.

An undertaking on arrest under Code Civil Proc. § 559, providing for payment of "all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest, not exceeding the sum specified by the undertaking," secures only such costs up to the specified amount as accrue directly from the arrest, or are necessitated by it, and not the costs of the original action, and a plea of payment of these latter costs is no defense to an action on the undertaking against a surety.

Appeal from special term.

Action by Edward Sutorius against Isaac F. North, a surety on an undertaking given by one Bartlett, under section 559 of the Civil Procedure Code, in an action by Bartlett against plaintiff, in which the latter was arrested, and judgment for costs subsequently given in his favor. Bartlett paid the costs of that action, and defendant pleads such payment as a defense in this action. Judgment that the plea is frivolous, and for a reference to assess plaintiff's damages. Defendant appeals. Affirmed.

For former reports, see 13 N. Y. Supp. 557, and 15 N. Y. Supp. 974.

Argued before DALY, C. J., and BISCHOFF, J.

*Daniel D. Sherman,* for appellant. *Davison & Chapman,* for respondent.

BISCHOFF, J. On a former appeal in this action the general term of this court pronounced the allegations of the answer, respecting the payment of plaintiff's alleged damages, sham, and directed that they be struck out; and for the facts appearing on the present appeal reference may be had to the report of the former. *Sutorius* v. *North,* (Com. Pl. N. Y.) 13 N. Y. Supp. 557. Subsequently plaintiff applied at special term for judgment on the ground that the remaining allegations of the answer were frivolous, and constituted no defense. This motion was granted, and upon the order made interlocutory judgment was entered directing the assessment of plaintiff's damages by a reference for that purpose. From such order and judgment, defendant has appealed.

Appellant's counsel contends that on the hearing of the motion the court erroneously considered the facts set forth in an affidavit made by the plaintiff, which appears in the record. That this contention is erroneous is apparent from the notice of motion, and the order made and appealed from, neither of which alludes to any papers other than the summons, pleadings, and the order striking out the allegations of the answer held to be sham. Eliminating from the answer all such last-mentioned allegations, there remains as matter of attempted defense only the allegation of the fact that defendant had paid the several judgments for the costs of the action which were awarded to the plaintiff herein as defendant in the action wherein the order for his arrest was issued. That the costs of the action were not the costs which the undertaking on arrest required by section 559 of the Code of Civil Procedure[1] is intended to secure was decided by this court on the former appeal, hereinbefore referred to, and again in *Sperry* v. *Hellman,* (Com. Pl. N. Y.) 13 N. Y. Supp. 899. Hence, their payment could not constitute a defense to an action on the undertaking, and the answer was plainly frivolous. *Strong* v. *Sproul,* 53 N. Y. 497, 499. The order and judgment appealed from should be affirmed, with costs.

[1] Code Civil Proc. § 559, requires an undertaking on arrest to provide for payment of "all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest, not exceeding the sum specified in the undertaking."