### SPERRY v. HELLMAN et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. ARREST IN CIVIL CASES—ACTION ON BOND—APPEAL—ESTOPPEL.

In an action on a bond, given on obtaining an order of arrest in a civil action conditioned to pay defendant therein costs and damages if it is "finally decided" that he (plaintiff therein) was not entitled to the order, it being necessary for plaintiff to maintain that a judgment therefor rendered in the former action was final, he cannot on appeal maintain the contrary contention.

2. OBJECTIONS WAIVED BY FAILURE TO PLEAD.

In an action on a bond given for the arrest of two joint defendants in a civil case, of whom plaintiff only was arrested, conditioned to pay costs and damages if it be decided that the arrest was not authorized, the person not arrested is neither a necessary nor proper party, and therefore the right to object to the allowance, as an item of plaintiff's damages, of a joint demand in favor of him and the other person for whom the order of arrest was issued, cannot be deemed to have been waived under the provision of Code Civil Proc. § 499, by failure to raise the objection by answer or demurrer that there was a defect of parties.

Appeal from city court, general term.

Action by Howard A. Sperry against Theodore Hellman and others on an undertaking given to secure an order of arrest pursuant to the provisions of Code Civil Proc. § 559. From a judgment of the general term of the city court affirming a judgment for defendants for the excess of their counterclaims above the amount to which plaintiff was adjudged entitled, which was entered on a verdict directed by the trial court, and affirming also an order denying plaintiff's motion for a new trial, made on case and exceptions, plaintiff appeals. Affirmed.

For former report, see 13 N. Y. Supp. 899; 16 N. Y. Supp. 954.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Howard A. Sperry, in pro. per.
Seligman & Seligman, for respondents.

BISCHOFF, J. Howard A. Sperry and Robert W. Reid were jointly sued in the supreme court by the Metropolitan Concert Company, Limited, for the alleged conversion of personal property. An order for the arrest of both defendants was issued, and executed as to defendant Sperry only; and judgment was on April 15, 1885, recovered in that action, by default, against the Metropolitan Concert Company, Limited, for dismissal of the complaint, with costs. Asserting this judgment to be a final decision that the Metropolitan Concert Company, Limited, was not entitled to the order of arrest, Sperry brought the present action to recover upon the undertaking given to obtain it pursuant to the provisions of section 559 of the Code of Civil Procedure. Thereafter the sureties on that undertaking were permitted by the supreme court to try the issues in the action brought by the Metropolitan Concert Company, Limited,

and this trial resulted in a judgment in its favor. On appeal to the general term this last-mentioned judgment was reversed, and the reversal sustained by the court of appeals, which tribunal also directed judgment for the defendants for dismissal of the complaint, with costs. This action, which had been in abeyance, then proceeded, and, upon trial, plaintiff recovered a judgment which, on appeal to us, was reversed, because the trial court erroneously included in the recovery the expense which plaintiff had incurred for counsel fees in the supreme court action subsequent to the judgment therein of April 15, 1885, and the general costs thereby awarded to both defendants. Our decision is reported in 13 N. Y. Supp. 899; and, on motion for reargument of the appeal, we reaffirmed it, (16 N. Y. Supp. 954,) and granted appellant leave to present the points involved to the court of appeals, of which, however, he has not availed himself. On retrial of this action the court eliminated from plaintiff's recovery the items held by us to be objectionable, and this constitutes the burden of the present appeal. We are therefore, in effect, asked to review our former decision, but on grounds which counsel admits were not then presented. These are that the judgment of April 15, 1885, in the action of the Metropolitan Concert Company, Limited, against Sperry and Reid, was not a final decision that the plaintiff was not entitled therein to the order of arrest; and that, because the cause for arrest and the cause of action were identical, the counsel fees incurred on the subsequent trial of the issues, and the appeals to the general term of the supreme court and court of appeals, were necessarily incurred by Sperry to extricate himself from the arrest; and that the failure of the defendants in this action to object to the recovery of the costs awarded to Sperry and Reid jointly in the supreme court action, by answer or demurrer, precluded them from such an objection, under the provisions of section 499 of the Code of Civil Procedure that all objections which could have been raised by answer or demurrer, except those to the jurisdiction of the court, or that the complaint does not state facts sufficient to constitute a cause of action, are waived if the objection is not so taken. The bare statement of them sufficiently refutes the tenability of the grounds now urged for reversal. If the judgment of April 15, 1885, against the Metropolitan Concert Company, Limited, was not a final decision that the plaintiff in that action was not entitled to the order of arrest, then, obviously, this action was prematurely brought, and the complaint should have been dismissed; for the condition of the undertaking sued upon is that the plaintiff therein named will pay costs and damages "if it is finally decided that he was not entitled to the order of arrest." To maintain his right to any recovery whatever in this action, plaintiff had, therefore, necessarily to maintain the finality of the judgment of April 15, 1885, on the trial; and, having done so, he will not, on appeal, be permitted to avail himself of a contrary contention. Fulton *v.* Insurance Co., 19 N. Y. Supp. 660; Fay *v.* Muhlker, 20 N. Y. Supp. 671. Defendants do not appeal; but clearly, if appellant's present contention were held to be correct, and we should reverse the judgment, respondents, on a new trial, would be entitled to a dismissal of the complaint.

This action is not brought upon the judgment of April 15, 1885, jointly recovered by Sperry and Reid against the Metropolitan Concert Company, Limited, for the costs of that action, but upon the undertaking therein given to obtain the order of arrest. Reid was not arrested, and is not a necessary or a proper party to an action by Sperry to recover the costs and damages which accrued to the latter by reason of his arrest. The provisions of section 499 of the Code of Civil Procedure have therefore no application, and defendants were not precluded on the trial from objecting to the allowance, as an item of plaintiff's alleged damages, of a joint demand in favor of Sperry and Reid, because they had not raised the objection that there was a defect of parties plaintiff by answer or demurrer. The judgment and order appealed from must be affirmed, with costs. All concur.