### FEINSTEIN et al. v. JACOBS et al.

(Supreme Court, Appellate Division, Second Department.   June 17, 1910.)

1. JUDGMENT (§ 883*)—SET-OFF.
    Where two defendants are sued on contract as principal and surety, a judgment in favor of the principal against the plaintiffs may be pleaded as a counterclaim.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1684, 1685: Dec. Dig. § 883.*]

---

2. ARREST (§ 56*)—IN CIVIL ACTIONS—LIABILITIES ON BOND.

In an action on a bond given to procure an arrest in a civil action, counsel fees of the obligee in the action in which the order of arrest was granted and in an appeal from the judgment in that action cannot be recovered, where the bond was only for costs of the action and such extra costs and damages as arose from the arrest itself.

[Ed. Note.—For other cases, see Arrest, Dec. Dig. § 56.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by James Feinstein and another against Lewis J. Jacobs and another. From a judgment in favor of plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Cass & Apfel, for appellants.

Jacob K. Holtzmann, for respondents.

CARR, J. This appeal from a judgment of a Municipal Court brings up for review questions of law only, as the case was tried on an agreed statement of facts. The defendants are the principal and surety on an undertaking for an order of arrest heretofore granted in an action in which the defendant Jacobs was plaintiff and the present plaintiffs were defendants. The plaintiffs were arrested in that action, which subsequently terminated in their favor, and they have recovered in this action a judgment of $302 for damages and costs. In this case, however, the defendants pleaded as a counterclaim a judgment held by the defendant Jacobs against the plaintiffs for the sum of $478.41, which had been obtained by him against the plaintiffs before the beginning of this action. The trial court did not allow this counterclaim, and the appellants attack the judgment entered below on this as well as other grounds.

It is now sought to justify the disallowance of the counterclaim on two grounds. The first is that the judgment pleaded as a counterclaim was not in favor of both defendants, and therefore could not be pleaded in counterclaim by both of them. This action is against defendants, one of whom is a principal and the other a surety, and the defense pleaded was available to both. Springer v. Dwyer, 50 N. Y. 19.

The further ground assigned in favor of the judgment of the trial court is that, as the action was on a contract, a judgment previously obtained could not be pleaded as a counterclaim, on the theory that it was not "a cause of action" in the sense of section 501 of the Code of Civil Procedure. This question has been so frequently decided that it should now be considered at rest. That a judgment may be so pleaded as a counterclaim has been long established. Cottle v. New York, W. S. & B. R. Co., 27 App. Div. 604, 611, 50 N. Y. Supp. 1008; Badlam v. Springsteen, 41 Hun, 160; Cornell v. Donovan, 3 N. Y. St. Rep. 261; Id., 13 N. Y. St. Rep. 741; Wells v. Henshaw, 3 Bosw. 625; Cornell v. Donovan, 14 N. Y. St. Rep. 687; Taylor ⌐. Mayor, etc., City of New York, 82 N. Y. 10. The counterclaim should have been allowed by the trial court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The court below seems to have allowed the plaintiffs to recover their expenses for counsel fees in the trial of the action in which the order of arrest was granted, as well as counsel fees in an appeal taken from the judgment in that action by the defendant Jacobs. This was in excess of the obligation of the undertaking, which was limited only to the costs of the action and such extra costs and damages as arose from the arrest itself, and cannot be extended to the counsel fee paid for defending the cause of action set up in the complaint. Sutorius v. North, 20 Civ. Proc. R. 162, 13 N. Y. Supp. 557; Sperry v. Hellman, 20 Civ. Proc. R. 218, 13 N. Y. Supp. 899.

The judgment of the Municipal Court is therefore reversed, and a new trial ordered; costs to abide the event. All concur.