WESTCHESTER MORTGAGE CO. v. THOMAS B. McINTIRE, Inc., et al.

(Supreme Court, Appellate Division, Second Department.   March 10, 1916.)

1. CORPORATIONS ⬯432(5)—ACTIONS ON CONTRACTS—NECESSITY OF PROOF OF OFFICER'S AUTHORITY TO EXECUTE.

In an action on a guaranty of payment of a note of a corporation, executed by its president and not under the corporate seal, plaintiff could not recover without showing the power of the president to execute and deliver the note, as any defense available to the principal debtor was available to the guarantor, and it would have been necessary to show the president's authority as against the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1730, 1743, 1762; Dec. Dig. ⬯432(5).]

2. CORPORATIONS ⬯414(1)—AUTHORITY OF OFFICERS—EXECUTION OF CONTRACTS.

An officer of a corporation cannot generally bind the corporation on a promissory note without special authority, arising either from specific resolutions of the directors or from by-laws of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1640; Dec. Dig. ⬯414(1).]

Jenks, P. J., and Putnam, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by the Westchester Mortgage Company against Thomas B. McIntire, Incorporated, and others. From a judgment in favor of plaintiff, defendant William H. Foster, appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Frederick B. Van Kleeck, Jr., of White Plains, for appellant.
Jonathan Holden, of Pleasantville, for respondent.

CARR, J.   The defendant Foster appeals from a judgment entered against him on the direction of a verdict in favor of the plaintiff. Both parties requested the direction of a verdict. There was no opinion filed on the direction of the verdict.

While the case was apparently a very simple one, yet the defendant Foster set up 10 separate defenses in his answer. The action was

upon a general written guaranty for the payment of a promissory note alleged to have been made by the defendant Thomas B. McIntire, Incorporated, a domestic corporation. A like instrument of guaranty between the same parties was before this court in 168 App. Div. 139, 153 N. Y. Supp. 437, and it was held to be a general guaranty. So far as the facts go, I recommend no interference with the finding of the trial court.

[1] This would dispose of the appellant's contention that there was a diversion of the proceeds of the note, contrary to the understanding upon which he signed the instrument of guaranty. There is, however, a question of law involved, as to which, as it seems to me, the trial court committed reversible error. The plaintiff pleaded the making of the corporation note in paragraph "First" of its complaint. The defendant Foster denied this allegation in his answer. The guarantor, Foster, had a right to avail himself of any defenses available to the principal debtor. Springer v. Dwyer, 50 N. Y. 19; Feinstein v. Jacobs, 139 App. Div. 192, 123 N. Y. Supp. 750. As against the latter, a corporation, it would have been necessary to show the power of the president, Thomas B. McIntire, to execute and deliver the note which formed the subject of the guaranty. Likewise was it necessary so to do against the guarantor, Foster. The note was not under the corporate seal; if so, there would have been a prima facie presumption of authority in the president of the corporation. Quackenboss v. Globe & R. F. Ins. Co., 177 N. Y. 71, 69 N. E. 223; United Surety Co. v. Meenan, 211 N. Y. 39, 105 N. E. 106. But where there is no corporate seal on the instrument, there is no presumption of authority in the officer who executed it in the corporate name, and the simple production of the note does not make out a prima facie case against the corporation. 7 Ruling Case Law, 452.

[2] That an officer of a corporation cannot generally bind the corporation on a promissory note, without special authority arising either from specific resolutions of the directors or from by-laws of the corporation, is well settled. People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 525, 17 N. E. 408; Parmelee v. Associated Physicians, etc., 9 Misc. Rep. 459, 30 N. Y. Supp. 250. There is no proof in the record of the authority of McIntire as president to make and deliver the corporate note. Hence there seems to me no proof that the defendant appellant's guaranty ever took a legal inception.

If I am right in this, the judgment must be reversed, and a new trial granted; costs to abide the event.

STAPLETON and RICH, JJ., concur.

PUTNAM, J. (dissenting). Appellant Foster by the words of his guaranty, in which he fully described this 60-day note, I think became estopped from setting up the omission of a seal, or otherwise questioning the note's validity. As vice president and a stockholder in the corporation of Thomas B. McIntire, Incorporated, his signature on this guaranty procured a loan for the corporate purposes, which has been so applied. He stands like an indorser who cannot raise such a defense, as by the indorsement he guarantees the validity of the cor--

porate notes. Donohoe v. Meeker, 35 App. Div. 43, 54 N. Y. Supp. 286; Glidden v. Chamberlain, 167 Mass. 486, 46 N. E. 103, 57 Am. St. Rep. 479; Joyce on Defences to Commercial Paper, §§ 95, 671, 672.

Furthermore, there was proof of two prior corporate notes thus made by the president and supported by a like guaranty in which appellant joined. Corporate authority may be implied from previous official dealings, and here this authority must be regarded as found, and such a finding comprised in the court's direction of a verdict.

Where the corporation had the full proceeds and applied them in its business within the scope of the guaranty, I cannot agree to let out a guarantor, merely because the note did not bear a corporate seal.

JENKS, P. J., concurs.