WESTCHESTER MORTGAGE COMPANY, Respondent, *v.* THOMAS B. McINTIRE, INC., and Another, Defendants, Impleaded with WILLIAM H. FOSTER, Appellant.

Second Department, November 2, 1916.

Corporations — liability upon contracts by officers — action upon note — *prima facie* case.

The production of a note signed by the president or other officers of a non-business corporation does not of itself make out a *prima facie* case against the corporation.

Where, however, a contract is made in the name of a business corporation by its president, which is of such a nature that the directors of the corporation could authorize or ratify it legally, then it is not necessary to show *prima facie* that the contract was in fact authorized by specific authority of the corporation, but the want of authority must be pleaded and proved as a defense.

This rule applies to the act of the president of a trading corporation in executing and delivering in the name of the corporation a promissory note which the corporation itself might authorize or ratify.

In an action upon a promissory note purporting to have been made and delivered by the defendant, a business corporation, for a consideration, and signed by the president in the name of the corporation but without the corporate seal, the plaintiff makes out a *prima facie* case by the mere production of the note, without specific proof as to the authority of the president.

REARGUMENT of an appeal by the defendant, William H. Foster, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 10th day of May, 1915.

*Frederick B. Van Kleeck, Jr.,* for the appellant.

*Jonathan Holden,* for the respondent.

CARR, J.:

On the original argument of the appeal in this action the judgment in favor of the plaintiff was reversed and a new trial was ordered (171 App. Div. 518). This court has allowed a reargument of the appeal because the question of law involved is of great importance, and the point underlying the former decision of this court was not anticipated by the respondent, nor discussed in its brief, as, through mutual misunderstanding, the briefs were not interchanged in sufficient time before the day of the oral argument. The question involved is simply this, did the plaintiff make out a *prima facie* cause of action against the defendant, a business corporation, upon a promissory note, purporting to have been made and delivered by the corporation for a consideration, and signed by the president thereof in the name of the corporation, but which does not bear the corporate seal, by the mere production of the note upon the trial of this action and without specific proof as to the authority of the president? There seems to be a well-recognized distinction as to the evidence required to make out a cause of action on a promissory note against non-business corporations, such, for instance, as religious corporations, and those of a purely business character. In the case of a non-business corporation, the production of the note signed by the president or other officers of the corporation does not, in itself alone, make out a *prima facie* case against the corporation. (*People's Bank* v. *St. Anthony's R. C. Church,* 109 N. Y. 512, 525.) Where, however, a contract is made in the name of a business corporation, by its president, which is of such a nature that the directors of the corporation could authorize or ratify it legally, then it is not necessary to show *prima facie* that the contract was in fact authorized by specific authority of the corporation, but the want of authority must be pleaded and proved as a defense. (*Karsch* v. *Pottier & Stymus Mfg., etc., Co.,* 82 App. Div. 230; *Patterson* v. *Robinson,* 116 N. Y. 193; *Patteson* v. *Ongley Electric Co.,* 87 Hun, 462.) This is the general rule as to the acts of the officers of a corporation who are, in ordinary affairs, clothed with general administrative powers, such as president of the corporation. We think, on reconsideration, that it applies to the act of the

president of a trading corporation in executing and delivering, in the name of the corporation, a promissory note which the corporation itself might authorize or ratify. There are some authorities in this State that are cited to the contrary, such as *Parmelee* v. *Associated Physicians, etc.* (9 Misc. Rep. 459), and *Jacobus* v. *Jamestown Mantel Co.* (211 N. Y. 154), but in each of these it appears, on examination, that the notes in question were not executed by the president of the respective corporations, *i. e.*, an officer with general administrative powers, but solely by other officers with restrictive powers, such as a treasurer or secretary.

The judgment is, therefore, affirmed, with costs.

JENKS, P. J., STAPLETON, RICH and PUTNAM, JJ., concurred.

Judgment affirmed on reargument, with costs.