FANNIE ICHELSON and ANNIE ICHELSON, etc., Respondents, *v.* S. SCHLEIN & SONS, INC., and JEWEL LEWIS, etc., Appellants.

(Supreme Court, Appellate Term, First Department, June, 1918.)

Negotiable instruments — note of business corporation — authority of president to make — evidence.

> The promissory notes of a business corporation signed by its president are presumptively authorized and their production with proof of his signature makes out a *prima facie* case and his want of authority to sign such notes must be pleaded and proved as a defense.

> Where in an action on a promissory note alleged to have been made by the defendant corporation to its own order and indorsed to another who, in turn, indorsed it to plaintiff, the answer beside the general denial pleads as a separate defense that the note was made by said defendant's president for accommodation without authority, and at the trial it is conceded that it was signed by the president on behalf of the corporation, and it was undisputed that there was no by-law or resolution of the board of directors authorizing such signature, that the corporation received no value for the note, and that it was given to the first indorsee for his accommodation, and there is no evidence that the corporation in any way ratified the act of its president or did anything which would estop it from questioning the authenticity of the note, a judgment in favor of plaintiff will be reversed as against the weight of evidence and a new trial granted.

> Statements by the president to plaintiff at the time of the discount of the notes, even if made, are not binding on the corporation.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of plaintiff, after a trial before the court without a jury.

43

Leo Cohen (Benjamin Berger, of counsel), for appellants.

Alice Serber Petluck (H. M. Schaap, of counsel), for respondents.

PENDLETON, J.   The action is on a promissory note alleged to have been made by defendant to its order and endorsed and delivered by it to one Lewis, who endorsed it to plaintiff.   The answer is a general denial, and for a separate defense alleges that the note was made by defendant's president for the accommodation of Lewis and without authority of defendant.   At the trial it was conceded that the note was signed by the president on behalf of the defendant company. It appeared further by the undisputed evidence that there was no by-law or resolution of the board of directors authorizing the president to sign this or any note of the company; that the corporation received no value for the note and that it was given by the president to one Lewis for the latter's accommodation.   In suits on promissory notes signed in the name of a corporation by one of its officers the burden of proof is on the plaintiff to show that the signature is the authorized signature of the corporation; that is, that the officer was authorized to sign the corporation's name.   Notes of a business corporation signed by its president are presumptively authorized and their production with proof of the signature of the president makes out a *prima facie* case, and the want of authority must be pleaded and proved as a defense. *Westchester Mortgage Co.* v. *McIntyre, Inc.,* 174 App. Div. 446; *Patterson* v. *Robinson,* 116 N. Y. 193; *Miners & Merchants' Bank* v. *Ardsley Hall Co.,* 113 App. Div. 194. This defendant did in this case. There was no evidence that it held the president out as authorized to sign notes or that it received and accepted any benefit

thereunder, or in any way ratified his act, or did anything whereby it could be estopped from questioning the authenticity of the instrument.   Statements by the president to the plaintiff at the time they discounted the note, even if made, are not binding on the corporation.   He is not the agent of the corporation for the purpose of making representations or admissions.

The judgment was against the weight of evidence and must be reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.