UNITED STATES, for Use and Benefit of JOHNSON, v. MORLEY CONST CO. et al.

No. 1444–A.

District Court, W. D. New York.

Sept. 4, 1935.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for defendant Maryland Casualty Co.

Donovan & Raichle, of Buffalo, N. Y., for intervener J. S. Thorn Co.

Kennedy, Holland & DeLacy, of Omaha, Neb., for intervener Concrete Engineering Co.

KNIGHT, District Judge.

This action is brought under the so-called Heard Act, title 40, § 270, U. S. C. (40 USCA § 270).

The Concrète Engineering Company and the J. S. Thorn Company, subcontractors, intervened in this suit. The complaints of these interveners were served upon Morley Construction Company and Maryland Casualty Company in or about September, 1934. The Maryland Casualty Company answered on or about October 1, 1934. The defendant Morley Construction Company has not answered. The answers of the Maryland Casualty Company, as served, set up a general denial, defenses in avoidance, and a set-off for alleged defective materials. The Maryland Casualty Company now moves to amend its answers to include in each a counterclaim for damages resulting from delay in the furnishing of materials. Such amended answer asks that "such damages should be offset and applied in reduction of the damages which the said Morley Construction Company has sustained."

Two questions are presented here: (1) Whether the proposed counterclaims are insufficient as a matter of law; and (2) whether the defendant Maryland Casualty Company is guilty of such laches as denies its right to amend.

The rule is well established that where a surety is sued alone he cannot avail himself of claims of the principal against a creditor where there is no statute permitting such action. National Surety Co. v. Geo. E. Breece Lumber Co. (C. C. A.) 60 F.(2d) 847. This is the rule in New York State. Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355. The latter case has been followed in Lasher v. Williamson & Co., 55 N. Y. 619; Elliott v. Brady, 192 N. Y. 221, 85 N. E. 69, 18 L. R. A. (N. S.) 600, 127 Am. St. Rep. 898: Ettlinger v. National Surety Co., 221 N. Y. 467, 117 N. E. 945, 3 A. L. R. 865. The fact that the principal, the Morley Construction Company, is a party defendant to this action and has been served with a complaint by these interveners, is not ma-

terial. Ettlinger v. National Surety Co., supra. The real test of the rule prohibiting a surety from setting up a counterclaim asserting an independent cause of action in favor of the principal against a creditor is whether the principal is barred from bringing an action on the particular cause sought to be set forth in the surety's counterclaim. It is clear that the principal here is not so barred. The surety is not without his remedy, since he can still proceed against his principal.

It is urged on behalf of the surety that the case of Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355, and those following that case, originated prior to the adoption of the present provision of the New York State Civil Practice Act, § 193, subd. 1. That section reads: "The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others." It does not seem that this section has application here, since the controversy herein cannot be determined without prejudice to the rights of the principal. However, both Elliott v. Brady, 192 N. Y. 221, 85 N. E. 69, 18 L. R. A. (N. S.) 600, 127 Am. St. Rep. 898, and Ettlinger v. National Surety Co., 221 N. Y. 467, 117 N. E. 945, 3 A. L. R. 865, were decided subsequent to the enactment of section 452 of the Code of Civil Procedure. This latter section includes the identical language of section 193, subd. 1, of the Civil Practice Act. The provision in section 193, subd. 1, providing that where a complete determination of the controversy cannot be had without the presence of other parties, the court may direct that they be brought in, likewise was included verbatim in section 452 of the Code of Civil Procedure.

■ Attention is called to section 398, title 28 USCA, Judicial Code § 274b, which provides that equitable defenses can be interposed in actions at law. This is an action at law. Illinois Surety Co. v. United States, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609; United States v. J. L. Robinson Construction Co. (D. C.) 8 F. Supp. 620. Section 398, supra, has no application here, since the Maryland Casualty Company has no legal right to interpose the counterclaim in this suit. While Gillespie v. Torrance, supra, and cases following it, do recognize that the surety may have certain equitable rights, they in no way support the claim that they can be enforced under the facts shown herein.

It is contended that Gillespie v. Torrance, supra, and cases following it, were cases in which the causes of action arose under separate contracts of guaranty which was a distinct contract from that under which the claim arose and that in order to exclude the counterclaim it must arise out of an independent cause of action. No distinction in this respect is apparent. The basis of the counterclaim in each instance is an independent cause of action. In Gillespie v. Torrance, supra, the counterclaim was based on a breach of implied warranty as to quality. The court held that the counterclaim for breach of the warranty was not available to the surety. Here the defendant seeks to set up counterclaims based upon failure of the plaintiff to fulfill its contract within a fixed time.

United States v. Fleischmann Construction Co. (D. C.) 298 F. 320; United States v. Richardson (C. C. A.) 223 F. 1010, 1012; Feinstein v. Jacobs, 139 App. Div. 192, 123 N. Y. S. 750, relied on by defendant, are distinguishable and are not in point here. In Feinstein v. Jacobs, supra, it was held that the surety may avail himself of the counterclaim pleaded by the principal. In United States v. Fleischmann Construction Co., supra, no question of the right of the surety to interpose or recover upon a counterclaim was involved. Assuming the remotest connection between this case and the suit at bar, the holding simply was that the subcontractor was liable to the main contractor in the event of the former's failure to complete a contract in the time fixed, where the contract between the two provided for the payment of damages for delay. United States v. Fleischmann Construction Co., supra, was affirmed by the Circuit Court upon the opinion of the District Court. In United States v. Richardson, supra, the surety was permitted to interpose as a set-off a claim which it would have had against the plaintiff. This authority to interpose such set-off was given pursuant to the specific language of 3298 of the Code of Virginia 1904. The opinion in the case states: "This statute provides in terms that, where the relation of principal and surety exists, the surety may

assert any claim which its principal would have had against the person seeking to recover against such surety."

■ The act, under which this suit has been brought, section 270, U. S. C. title 40 (40 USCA § 270), supra, does provide that any persons furnishing material may be made parties to the action "and * * * have their rights and claims adjudicated in such action and judgment rendered thereon." This language should not be construed so broadly as to prevent the determination of the rights of the claimant and all other parties as to every cause arising out of the claim. It was not intended to prevent a party from asserting at will an independent cause of action against the claimant. The act is one which confers special rights and liabilities. It should not be complicated by the inclusion of every sort of a defense or counterclaim which might be interposed by some one claiming some right against materialmen, which right could not be secured under other provisions of law. The claims of these interveners aggregate $3,800. Defendant Maryland Casualty Company seeks to set up a counterclaim asserting damages in the sum of $27,344. The defendant Maryland Casualty Company upon such counterclaim might recover $23,000, and the principal still have a right of action on the same claim. The claim could not be split and thus the principal enabled to recover in excess over the recovery by the surety. Several actions cannot be brought for the same cause, and recovery on one judgment would be a bar upon the claim on which the judgment is based. Silberstein v. Begun, 232 N. Y. 319, 133 N. E. 904.

■ Since the hearing of the motions herein, the defendant Maryland Casualty Company has submitted an affidavit purporting to show the insolvency of the principal, the Morley Construction Company. In such brief, the defendant Maryland Casualty Company asked to be allowed to add to the counterclaim aforesaid the allegation, in substance and to the effect, that the Morley Construction Company is insolvent and it is necessary in order to protect the rights of the defendant Maryland Casualty Company that the counterclaims be received. Certain cases recognize an exception to the rule as to the right of the surety to counterclaim where the principal is insolvent. National Surety Co. v. Geo. E. Breece Lumber Co.

(C. C. A.) 60 F.(2d) 847; Tidewater Coal Exchange v. New Amsterdam Casualty Co. (D. C.) 20 F.(2d) 951; Fidelity & Deposit Co. of Maryland v. Duke (C. C. A.) 293 F. 661. While the statement in certain authorities is explicit as regards the exception, the authorities so far as we have been able to ascertain do not present comparable facts, and the surety has its right to bring an independent action in equity.

Since, however, the interveners have raised objection to the consideration of this amendment to the counterclaims, the court at this time does not pass upon the question of the effect of the last-mentioned proposed amendment. In order to be heard now it should have been presented upon motion and due notice.

It seems to me, upon the authorities and reasons above given, the proposed counterclaims are insufficient as a matter of law.

■ If we are wrong in the conclusions above stated, it seems that the defendant Maryland Casualty Company is guilty of such laches as denies its right to amend its pleadings. In the exercise of this discretion, the court should give to the defendant the benefit of any fair doubt, in order that it have opportunity to present all of its defenses or counterclaims. This application is made nearly a year after the original answer was served. In or about November, 1934, defendant Maryland Casualty Company procured an order for the examination of and examined Mr. Morley, president of the Morley Construction Company. The record of his testimony then taken shows that he was examined in detail with reference to the claims of these interveners, and that he testified that he made claim against them for damages in a specific amount on account of their delay in furnishing materials, and as to the facts which caused the damage. A subsequent examination of Mr. Morley was had in June, 1935.

This application is based upon the affidavit of one of the attorneys for the Maryland Casualty Company. Such affidavit states that the attorney "had been informed that the said Morley Construction Company claimed damages for delay with respect to the contractors above mentioned; that deponent supposed that that claim of delay was on the basis of liquidated damages, and at the time he drew

the original answer, finding no basis for a claim for liquidated damages in the contract, he naturally assumed that no such claim could be made, and did not incorporate in the original answer—any damages for delay." In the November examination Mr. Morley testified that the damages to the company on account of delay were "somewhere between $15,000.00 and $16,000.00." There is also other reference in this testimony to a delay of 45 and 60 days and a total damage of $4,500. In the latter, however, there is nothing to show these damages were claimed as liquidated·damages. Delay was the basis for liquidated damages as well as for unliquidated damages. It would seem, therefore, that defendant Maryland Casualty Company was sufficiently advised of Morley's claim for damages and that the answers setting up counterclaims should have been interposed promptly thereafter.

This suit has already gone over several terms of court and is set down to be tried during the coming month of September. Issue was joined nearly a year ago. The interveners have taken depositions preparatory to. trial of this case. Under these circumstances it seems to me that the defendant Maryland Casualty Company is guilty of such laches as denies the right, in the exercise of the discretion of the court, to amend its pleading.

What has been heretofore said applies equally to defendant's proposed counterclaim to the second cause of action set forth in the complaint of the Concrete Engineering Company.

The motions are denied.