UNITED STATES, for Use of JOHNSON v.
MORLEY CONST. CO. et al.
No. 1444.

District Court, W. D. New York.
Oct. 2, 1935.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for Maryland Casualty Co.

Donovan & Raichle, by John Marshall Gorman, all of Buffalo, N. Y., for J. S. Thorn & Co., intervener.

Stanley Montfort, of Buffalo, N. Y., for Hygrade Petroleum Corporation.

KNIGHT, District Judge.

A motion was heretofore made by the defendant Maryland Casualty Company to be permitted to amend its answer to include a set-off for a claim of damages in favor of the Morley Construction Company, principal, against J. S. Thorn & Co., intervener. Such motion was denied on the ground that such set-off could not be pleaded in this suit.

After the argument, the defendant Morley Construction Company submitted a further proposal for an amendment alleging the insolvency of the Morley Construction Company as the basis for an equitable right to a set-off. The intervener, J. S. Thorn & Co., objected to the consideration of the proposal to amend to allege insolvency, on the ground that it was not included in the motion to amend. I held that I could not then consider this second proposed amendment.

The defendant Maryland Casualty Company now moves to amend and set up a counterclaim alleging a set-off, and also the insolvency of the Morley Construction Company. I see no reason to change the opinion heretofore given by me in this matter. (D.C.) 11 F.Supp. 841. I do not see how the question of solvency of the Morley Construction Company affects the right to a set-off in any way. As I have heretofore expressed myself, the defendant Maryland Casualty Company is not entitled to have determined in this suit a claim in favor of its principal, where the principal itself has not raised the issue. The basic reason for this is that the principal is not affected by any determination between its alleged creditor and the defendant surety company. If the defendant surety company succeeded in establishing a set-off to the amount of the claim of the intervener, Thorn & Co., the assured's principal could sue to recover the entire amount of this claim. The determination of this suit would not be a bar to such a recovery. Claims or rights of action cannot be split up.

Many cases are cited by the defendant Maryland Casualty Company descriptive of the nature of equitable set-offs. I have examined all of these cases with care, and I find that there is none of these which is an authority for the contention of the defendant surety company. Each of these cases is dissimilar in facts to the one at bar, and I find no language in any of the opinions which is applicable to such a situation as is presented here.

I see no reason why the question of solvency changes the rule as regards the right to make this set-off. On the other hand, it seems to me that the insolvency of the principal would create another reason why a set-off could not be allowed. A set-off in favor of the debtor surety company would result in a preference of the surety company over the other creditors of the insolvent. If the principal has a claim against the intervener, the avails of such a claim become an asset to the principal's es-

tate, applicable to a payment of unsecured creditors on a common basis.

Since I decide that the defendant is not entitled to amend and set up the claim in favor of the principal, it is not necessary for me to pass upon the question of laches. However, I do so because I passed upon the question of laches upon the former motion and also because I think the situation is now changed with respect to this question. Affidavits have been submitted on the question of the time when the Maryland Casualty Company first had knowledge of the alleged insolvency of the Morley Construction Company. I do not think that there was any undue delay after the defendant Casualty Company learned of such insolvency. I am satisfied from the proofs that the defendant Surety Company first learned facts sufficient upon which to base the allegations of insolvency after the meeting November, 1934. Were the question of laches the only question for determination upon this motion, the motion would have to be granted. Since I am of the opinion that the proposed amendments do not raise the question on the trial in this suit, motion to amend is denied.